UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Blvd.
Garden City, New York  11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq

Attorneys for Certain Petitioning Creditors

In Re:

HEALTH TECH HARBOR, INC.,

          Alleged Debtor.

Case No.: __20-19017 (RG)__

Chapter: __7__

Hearing Date: _____

Judge: __Rosemary Gambardella__

## CERTIFICATION OF CONSENT
## REGARDING CONSENT ORDER

      I certify that with respect to the Consent Order __Approving Stipulation Resolving Motion to Dismiss Involuntary Petition__ submitted to the Court, the following conditions have been met:

    (a)  The terms of the consent order are identical to those set forth in the original consent order;

    (b)  The signatures represented by the /s/ _____ on the consent order reference the signatures of consenting parties obtained on the original consent order;

    (c)  I will retain the original consent order for a period of 7 years from the date of closing of the case or adversary proceeding.

    (d)  I will make the original consent order available for inspection on request of the Court or any party in interest; and

Final paragraph options:

☐  (e) *If submitting the consent order and this certification to the Court conventionally,* I acknowledge the signing of same for all purposes, including those under Fed. R. Bankr. P. 9011 (sign certification in pen and ink and the Court will scan);

☒  (e) *If submitting the consent order and this certification to the Court electronically via the presiding judge's e mail box, as a registered Participant of the Court's Case Management/ Electronic Files (CM/ECF) System,* I will simultaneously electronically file this certification with the Court, by use of my login and password, thereby signing same for all purposes including those under Fed. R. Bankr. P 9011 (sign certification with a /s/_____).

Date: __January 20, 2021__　　　　　　　　　　　　　　　　/s/ Bonnie L. Pollack
                                                                             Signature of Attorney

*rev.8/1/15*

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Blvd.
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq

Attorneys for *Certain Petitioning Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------------

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| HEALTH TECH HARBOR, INC., | ) |
| | ) Case No. 20-19017 (RG) |
| | ) |
| Alleged Debtor. | ) |

------------------------------------------------------------

**CONSENT ORDER APPROVING STIPULATION**
**RESOLVING MOTION TO DISMISS INVOLUNTARY PETITION**

The relief set forth on the following pages, numbered two (2) is hereby **ORDERED.**

Debtors:       Health Tech Harbor, Inc.

Case No.:      20-19017 (RG)

Caption of Order:   Consent Order Approving Stipulation Resolving Motion to Dismiss Involuntary Petition

---

**THIS MATTER** having come before the Court upon the Motion by Alleged Debtor to Dismiss Involuntary Chapter 7 Petition, Request for Entry of Joint Scheduling Order, Among Other Things, Scheduling an Evidentiary Hearing and Granting Other Relief (the "Motion"), and the Stipulation Resolving Motion to Dismiss Involuntary Petition (the "Stipulation"), consented to by, among others, the Alleged Debtor and the Petitioning Creditors, and the Court finding good cause for the entry of the within Order.

**IT IS HEREBY:**

**ORDERED,** that the Stipulation, a copy of which is attached hereto, is hereby approved in all respects.

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Blvd.
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq

Attorneys for *Certain Petitioning Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| HEALTH TECH HARBOR, INC., | ) |
| | ) Case No. 20-19017 (RG) |
| | ) |
| Alleged Debtor. | ) |

---

**STIPULATION RESOLVING MOTION TO DISMISS INVOLUNTARY PETITION**

WHEREAS, on July 29, 2020 (the "Petition Date"), an involuntary petition (the "Petition") for relief under chapter 7, title 11, United States Code (the "Bankruptcy Code") was filed against Health Tech Harbor, Inc. (the "Alleged Debtor" or "HTH") with the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"); and

WHEREAS, the Petition was originally filed by four (4) creditors, and was later joined by an additional fifteen (15) creditors (collectively, the "Petitioning Creditors"); and

WHEREAS, on August 20, 2020, the Alleged Debtor moved to dismiss the Petition (the "Motion to Dismiss"); and

WHEREAS, HTH and the Petitioning Creditors acknowledge that DGN Pharmacy, Inc., doing business as PersonalRX ("PRX"), has obligations due and owing to HTH (all parties'

1989189

claims, counterclaims and defenses with respect to such obligations being expressly preserved); and

WHEREAS, on October 22, 2020, the Bankruptcy Court entered an order directing that the parties attend mediation with respect to the Motion to Dismiss; and

WHEREAS, Morris Bauer, Esq. (the "Mediator") was appointed as the Mediator in connection with the Mediation; and

WHEREAS, the Alleged Debtor and PRX, by and through their principal Lawrence Margolis ("Margolis"), representatives of the Petitioning Creditors, and their respective counsel attended three (3) Mediation sessions; and

WHEREAS, as a result of the Mediation, the parties have agreed upon terms resolving the Motion to Dismiss, and have agreed to memorialize those terms herein;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed by and between HTH, the Petitioning Creditors, PRX and Margolis as follows:

1. The above recitals are incorporated herein by reference.

2. Subject to the terms set forth herein, on the date that is six (6) months from the execution of this Stipulation by all parties (the "Entry Date"), an order for relief (the "Order for Relief") will be entered in the HTH case. On such date, HTH's counsel shall submit a letter to the Bankruptcy Court with a copy to the Petitioning Creditors and the Mediator, requesting that the Order for Relief be entered. If HTH's counsel fails to send such request to the Bankruptcy Court, counsel for the Petitioning Creditors may do so in its place and stead. The Entry Date may be extended only with the express written consent of the Petitioning Creditors.

3. In the event that this Stipulation is not executed by all parties on or before January 20, 2021, unless such date is extended with the express written consent of all parties hereto, it

2

1989189

shall be null and void, and the parties shall proceed with litigating the Motion to Dismiss in accordance with the prior orders of the Bankruptcy Court.

4. From the Date of Court approval of this Stipulation, through the Entry Date (the "Standstill Period"), the Mediator shall act as a monitor with full access to all information respecting, and the full right to review all aspects of, the businesses of HTH and PRX. The fees of the Mediator in acting as a monitor shall be paid by HTH and/or PRX. The Mediator shall respond to all reasonable requests by the Petitioning Creditors for information related to the business activities of HTH and PRX. The parties acknowledge that the Mediator may continue as mediator in this case, and agree to share the costs of the Mediator's services as mediator pursuant to the prior order of the Bankruptcy Court. HTH, PRX and Margolis shall also notify the Mediator and the Petitioning Creditors of any adverse legal events pertaining to HTH, PRX and Margolis, including without limitation the commencement of legal action against them or the receipt of default or demand notices by them, within five (5) business days of receipt of such notice(s) or action(s) (or such earlier knowledge of same).

5. During the Standstill Period, the Petitioning Creditors shall have the right, at their sole cost and expense, to perform a forensic accounting of all of the books and records of HTH and PRX for the years 2016 through 2020. HTH and PRX shall cooperate with the reasonable requests of the forensic accountant and shall provide full access to all financial records of their respective companies.

6. During the Standstill Period, the Petitioning Creditors shall be provided with the following financial statements:

    (a) Immediately, a draft balance sheet for PRX for the year ended 2020;

    (b) When available, a final balance sheet for PRX for the year ended 2020;

    (c) Within 30 days of filing, signed copies of all tax returns of PRX and HTH;

3

1989189

(d)     Every month, on or before the 5th day after receipt of a statement, copies of HTH's and PRX's bank statements for the preceding month; and

(e)     Every month, on or before the 20th day of the month, draft copies of PRX's accounts receivable aging report, accounts payable report and profit and loss statements (final copies shall be provided when available after review by PRX's certified public accountants).

7.      PRX shall in good faith continue to solicit capital funding and grants throughout the Standstill Period.

8.      During the Standstill Period, PRX shall not take any loans, grant any liens on its assets, sell its assets or make any repayments of debt outside of the ordinary course of business except that (a) PRX may finance or sell its accounts receivable, (b) upon agreement of the Mediator after consultation with the Petitioning Creditors, may take unsecured loans of up to $250,000 in the aggregate, and (c) with prior notice to and the written consent of the Petitioning Creditors, which consent shall not be unreasonably withheld, may obtain unsecured loans in excess of the aggregate of $250,000.

9.      Margolis shall not pledge or otherwise encumber his interests in PRX during the Standstill Period. Margolis may transfer a portion of his interests in PRX for the purposes of raising capital, provided that the transfer is to an independent third party for full and fair consideration to PRX, subject to the Mediator's prior review.

10.     The obligations of PRX to HTH shall not be further extended or converted to equity during the Standstill Period.

11.     No dividends or distributions to the equity holders of HTH or PRX shall be made during the Standstill Period, nor shall any officers' salaries increase during the Standstill Period. Notwithstanding anything herein, Margolis may receive his present salary from PRX. However, for every dollar that Margolis receives in salary from PRX during the Standstill Period in excess

4

of $75,000, $1.00 shall be paid by PRX to the Petitioning Creditors in reduction of their claims against HTH and PRX. Such payment shall be made at the end of the Standstill Period.

12. During the Standstill Period, HTH, PRX, and the Petitioning Creditors shall have good faith discussions by and among any of them with respect to a resolution of the debts owed by HTH to the Petitioning Creditors.

13. It shall be a default under the stipulation if (a) HTH or PRX fail to comply with the provisions of this Stipulation, or if (b) the Petitioning Creditors uncover any evidence of malfeasance, misfeasance, gross negligence, willful misconduct or actual fraud occurring during the Standstill Period.

14. In the event any default under paragraph 13(a) is not cured or explained to the sole satisfaction of the Petitioning Creditors within seven (7) days of email notice to counsel to HTH, PRX and the Mediator, the Order for Relief may be immediately entered even if the Standstill Period has not expired, and the Petitioning Creditors shall have the right to submit a letter to the Bankruptcy Court in order to obtain entry of the Order for Relief. In the event any default under paragraph 13(b) is not cured or explained to the sole satisfaction of the Petitioning Creditors within seven (7) days of email notice to counsel to HTH, PRX and the Mediator, the Petitioning Creditors shall be entitled to seek entry of the Order for Relief by filing a Notice of Presentment and an affidavit as to the facts supporting the default, upon notice to HTH, PRX and the Mediator, with the opportunity for HTH and PRX to object to such relief within seven (7) days of the filing of the Notice of Presentment. The Notice of Presentment shall provide for a hearing by the Bankruptcy Court at its earliest available date.

15. In the event the Standstill Period expires while the Notice of Presentment described in paragraph 14 is pending, the Order for Relief shall be submitted to the Bankruptcy

Court as provided in paragraph 2 hereof. For clarity, the pendency of the Notice of Presentment shall not extend the Standstill Period.

16. Prior to receiving any financial information in accordance with this Stipulation, the Petitioning Creditors shall execute a reasonable non-disclosure agreement with respect to the financial information that they receive from HTH and PRX. Nothing in the non-disclosure agreement shall prevent the Petitioning Creditors from using the information received for either establishing defaults hereunder or for the purposes of litigation involving the parties hereto with respect to the obligations between and among HTH, PRX and the Petitioning Creditors.

17. Except as specifically set forth herein, all rights, defenses, claims and counterclaims, of each of the respective parties hereto are preserved.

18. The parties agree that each shall bear their own counsel fees and costs incurred in connection with the Petition, Motion to Dismiss and the resolution thereof.

19. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signature, and such signatures will be deemed to be as valid as an original signature.

20. The Bankruptcy Court shall have exclusive jurisdiction to resolve any disputes between the parties arising with respect to this Stipulation.

21. This Stipulation shall be binding upon the parties hereto and their respective successors and assigns.

1989189

22. This Stipulation may not be amended, supplemented, changed, or modified in any manner except by a writing signed by all parties to the Stipulation.

Dated: January 20, 2021

CULLEN AND DYKMAN LLP

By: s/ Bonnie Pollack
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
100 Quentin Roosevelt Boulevard
Garden City, NY 11530

*Counsel for Certain Petitioning Creditors*

MCCARTER & ENGLISH, LLP

By: /Gregory Mascitti
    Philip Parlick, Esq.
    Jeffrey T. Testa, Esq.
100 Mulberry Street
Four Gateway Center
Newark, NJ 07102

Counsel for *Certain Petitioning Creditors*

GENOVA BURNS LLC

By: s/ Daniel Stolz
    Daniel M. Stolz, Esq.
    110 Allen Road, Suite 304
    Basking Ridge, NJ 07920

*Counsel for PersonalRX*

Gregory Kinoian Law LLC

By: s/ Gregory Kinoian
    Gregory S. Kinoian, Esq.
Of Counsel to Aboyoun Dobbs LLC
77 Bloomfield Avenue
Pine Brook, NJ 07058

Counsel to Health Tech Harbor, Inc.,
Alleged Debtor

7

1989189