CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Blvd.
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq

Attorneys for *Certain Petitioning Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| HEALTH TECH HARBOR, INC., | ) |
| | ) Case No. 20-19017 (RG) |
| | ) |
| Alleged Debtor. | ) |

---

**NOTICE OF MOTION FOR IMMEDIATE ENTRY OF ORDER FOR RELIEF**

Certain Petitioning Creditors in the above case have filed papers with the Court seeking immediate entry of the Order for Relief.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not want the court to grant this motion, or if you want the court to consider your views, you or your attorney must file with the clerk at the address listed below, a written response explaining your position no later than 7 days prior to the hearing date.

Hearing Date: June 1, 2021

Hearing Time: 10:00 a.m.

2012442

|                    |                                                                                                                      |
|--------------------|----------------------------------------------------------------------------------------------------------------------|
| Hearing Location:  | United States Bankruptcy Court<br>Martin Luther King, Jr. Federal Building<br>50 Walnut Street<br>Newark, NJ 07102 |
| Courtroom Number:  | 3E (Judge Rosemary Gambardella)                                                                                      |

If you mail your response to the clerk for filing, you must mail it early enough so the court will receive it on or before 7 days prior to the hearing date.

You must also mail a copy of your response to:

Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
*Counsel for Certain Petitioning Creditors*

If you, or your attorney, do not take the steps outlined above, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting the relief.

Dated: Garden City, New York
       May 11, 2021

CULLEN AND DYKMAN LLP

By: s/ Bonnie Pollack
    Matthew G. Roseman, Esq.
    Bonnie L. Pollack, Esq.

100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700

*Counsel for Certain Petitioning Creditors*

2012442

CULLEN AND DYKMAN LLP
One Riverfront Plaza, 5th Floor
Newark, New Jersey 07102
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Attorneys for *Petitioning Creditors*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
In re:                                                         )    Chapter 7
                                                               )
HEALTH TECH HARBOR, INC.,                                      )
                                                               )    Case No. 20-19017 (RG)
            Debtor.                                            )
---------------------------------------------------------------x

## APPLICATION FOR IMMEDIATE ENTRY OF ORDER FOR RELIEF

To the Honorable Rosemary Gambardella, United States Bankruptcy Judge:

The Petitioning Creditors in this matter (as defined below), as and for their application for immediate entry of an order for relief in this case, respectfully represent as follows:

1. On July 29, 2020 (the "Petition Date"), an involuntary petition (the "Petition") for relief under chapter 7, title 11, United States Code (the "Bankruptcy Code") was filed against Health Tech Harbor, Inc. ("HTH") with the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2. The Petition was originally filed by four (4) creditors, and was later joined by an additional fifteen (15) creditors (collectively, the "Petitioning Creditors"). The Petitioning Creditors loaned a total of approximately $10 million to HTH based upon HTH's representation that it would acquire and merge the business operations of DGN Pharmacy, Inc., d/b/a as PersonalRX ("PRX"), the sole shareholder of which is Lawrence Margolis ("Margolis"), and Han Benefit Advantage Inc. d/b/a BenAdvance ("BA"), the largest shareholder of which is

2012408v1

Anthony Milone ("Milone"). Margolis owns 56.5% of HTH, and Milone owns 37.74%. That acquisition and merger never occurred; instead, HTH "loaned" monies to PRX and BA with balances due of approximately $7.6 million by PRX and $2.2 million by BA, both of which executed notes in favor of HTH (the "PRX Note" and "BA Note", respectively). These Notes are further addressed below.

3. On August 20, 2020, HTH moved to dismiss the Petition (the "Motion to Dismiss").

4. On October 22, 2020, the Bankruptcy Court entered an order directing that the parties attend mediation (the "Mediation") with respect to the Motion to Dismiss. Morris Bauer, Esq. (the "Mediator") was appointed as the Mediator in connection with the Mediation.

5. HTH and PRX, by and through Margolis, representatives of the Petitioning Creditors, and their respective counsel attended three (3) Mediation sessions. As a result of the Mediation, the parties agreed upon terms resolving the Motion to Dismiss. Those terms were memorialized in a "Stipulation Resolving Motion To Dismiss Involuntary Petition" (the "Stipulation"), which was approved by Order of the Bankruptcy Court dated January 21, 2021. A copy of the Stipulation is annexed hereto as Exhibit "A".

6. Pursuant to the Stipulation, the parties agreed that an Order for Relief (the "OFR") in the bankruptcy case would be entered six (6) months from the date of execution of the Stipulation (i.e., on June 20, 2021), subject only to extension upon the express written consent of the Petitioning Creditors, but in the interim the parties would attempt to negotiate a resolution of HTH's obligations to the Petitioning Creditors. The Petitioning Creditors can seek the earlier entry of the OFR upon an uncured default under the Stipulation.

2

2012408v1

7. From the Petitioning Creditors' perspective, the Stipulation was entered not only for finality with respect to the entry of the OFR, but so that they could receive information and documents from HTH and PRX with a level of transparency, especially given the fact that they believed that HTH and Margolis were less than forthright in taking the Petitioning Creditors' investments and, instead of effectuating the merger, loaned the monies to PRX and BA.

8. In furtherance of the latter purpose, the Petitioning Creditors negotiated for full access to documents and information requested of HTH and PRX. Specifically, the Stipulation provides at paragraph 5 thereof that "[d]uring the Standstill Period, the Petitioning Creditors shall have the right, at their sole cost and expense, to perform a forensic accounting of all of the books and records of HTH and PRX for the years 2016 through 2020. HTH and PRX shall cooperate with the reasonable requests of the forensic accountant and shall provide full access to all financial records of their respective companies." The foregoing provision is in addition to one requiring monthly reporting contained in paragraph 6 of the Stipulation. Thus, the documents in paragraph 6 are forward-looking, and those to be provided pursuant to paragraph 5 are retrospective.

9. On February 16, 2021, counsel to the Petitioning Creditors forwarded to HTH and PRX (as well as the Mediator), a document and information request compiled by Citrin Cooperman ("Citrin"), the Petitioning Creditors' forensic accountant, a copy of which is annexed hereto as Exhibit "B". On April 16, 2021, the Petitioning Creditors submitted an additional request for credit card statements. *See*, Exhibit "C". Initially, HTH and PRX would not produce the documents requested until Citrin signed a Non-Disclosure Agreement, even though the party receiving the documents, the Petitioning Creditors, already had. Nevertheless, Citrin did in fact execute a Non-Disclosure Agreement which was sent to counsel for PRX, Daniel Stolz ("Stolz").

3

Despite this, the production of documents was stalled as a result of Stolz's claims that he had not received that agreement when in fact it had been sent several times. *See*, Exhibit "D".

10. This was the first of many in a series of delays. The next arose because PRX was allegedly compiling documents for its year end filings and could therefore not address the requests; it is unclear, however, as to why it could not do two things at one time, especially since the majority of documents requested by the Petitioning Creditors could be sent with the push of a button. Thereafter, it was necessary to send numerous emails to Stolz identifying exactly whom should be provided with access to documents being sent and/or uploaded by HTH/PRX, and took even longer to insure that HTH/PRX were sending information to the correct email addresses. *See*, Exhibit "E".

11. As of this date, **nearly three (3) months after sending that request**, the Petitioning Creditors have still not received a considerable amount of the information sought.[1] The missing information and documents were detailed in an email to Stolz on April 6, 2021, a copy of which is annexed hereto as Exhibit "F". This does not include the additional credit card statements requested, to which there has been no response. Although HTH/PRX allege to have "uploaded" the documents requested, the documents that *have* uploaded (far from complete) have not been able to be downloaded by Citrin.

12. As Citrin advised HTH/PRX, it was unable to download the documents from the platform on which they were uploaded because the platform was not secure, and requested on several occasions that documents be uploaded instead to a secure Citrin platform. *See*, Exhibit "G". Despite these repeated requests, those documents have still not been produced in a manner

---

[1] It is the understanding of the Petitioning Creditors that the Mediator's requests for information were met with the same procrastination with which HTH/PRX addressed the requests of the Petitioning Creditors.

in which Citrin is able to securely obtain them. In sum, HTH/PRX has been nothing short of unresponsive and uncooperative in providing the documents requested by the Petitioning Creditors.

13. In the midst of the foregoing email exchanges, the Petitioning Creditors sent a default notice in accordance with paragraph 14 of the Stipulation on March 18, 2021, a copy of which is annexed as Exhibit "H". In response, the Petitioning Creditors have been met with a barrage of communications from Stolz that can be described as unprofessional at best. Many of those communications are attached as Exhibit "I" and "J". Notably, despite the obvious obfuscation by PRX/HTH and the fact that they are clearly in default under the terms of the Stipulation, Stolz's constant use of terms such as "bombastic," "pejorative," diatribes," "gamesmanship," "hyperbole," and other inflammatory terms are not only patently inappropriate but serve no purpose whatsoever.

14. Instead of a free exchange of information as was envisioned by the Stipulation, and despite Stolz's improper protestations, there has been no further information or documents received by the Petitioning Creditors. HTH and PRX are discernably in default of the Stipulation and there is no valid explanation for same (it is up to the Petitioning Creditors and them alone to determine whether they are satisfied with the explanations pursuant to paragraph 14 of the Stipulation but even objectively, no satisfactory reasons exist). For example, in one of Stolz's communication, he states that the entities were not in existence during the period of time for which they are to provide information to the forensic accountant, when the time period (2017-2020) was negotiated in the Mediation and agreed upon by counsel to HTH and PRX. Additionally, the delays were blamed on not receiving documents from Chase Bank, but HTH.PRX never forwarded any documents from Chase after them admittedly had them on April

14, 2021. The only plausible explanation for the failure to provide the requested documents and information is that HTH and PRX have something to hide or they are purposely being obstreperous.

15. In addition to the default in providing the requested documents, PRX and HTH have been disingenuous in their discussions towards an ultimate resolution of their disputes. Paragraph 12 of the Stipulation provides that "HTH, PRX, and the Petitioning Creditors shall have good faith discussions by and among any of them with respect to a resolution of the debts owed by HTH to the Petitioning Creditors." In this regard, BA was not a party to the Mediation, and PRX and HTH did not want BA to be a part of the negotiated resolution of the Motion to Dismiss embodied in the Stipulation, but advised at the Mediation that the Petitioning Creditors were free to negotiate directly with BA if they chose. Those discussions did occur, and the Petitioning Creditors reached a tentative agreement with BA that would have converted the monies owed by BA to HTH to stock interests in BA. That arrangement was shared first with the Mediator for input. Thereafter, counsel for the Petitioning Creditors was, simply, harassed for a copy of the BA term sheet. *See*, Email chains annexed as Exhibit "J". Importantly, those demands were made NOT by counsel to HTH, but by PRX's counsel, although PRX has no involvement in, or standing with respect to, those obligations. The BA term sheet was ultimately provided to Stolz, yet was summarily rejected, seemingly because it would have HTH forgive the BA Note. Again, the Petitioning Creditors were informed of this rejection not by HTH counsel, but by counsel to PRX.

16. The Petitioning Creditors also requested a proposal from HTH as to repayment of its obligations pursuant to the intent of the Stipulation, and received a term sheet strikingly similar to the one rejected by HTH with respect to BA. That term sheet would have the

2012408v1

Petitioning Creditors convert their HTH debt to stock in PRX, and presumably would also have HTH forgive the PRX Note. It is curious as to how HTH believes that to be acceptable as to the PRX Note but not the BA Note (perhaps not so curious, however, as discussed below). The Petitioning Creditors are still awaiting a cash proposal from HTH.

17. The term sheets with both BA and the one claiming to be from HTH are not attached hereto, but some of the email communications are included in the annexed exhibits. As the Court can readily see, Stolz has been nothing but disparaging in his interactions with the Petitioning Creditors without justification.

18. Given the failure of HTH and PRX to comply with paragraph 5 of the Stipulation despite the notice of default and numerous email exchanges, the Petitioning Creditors submit that the Court must enter the OFR immediately, and not wait for June 20, 2021 to do so. This is especially important since there are conflicts of interest and self-dealing being perpetuated by the common principal of HTH and PRX, Margolis, and counsel.

19. First, it is unclear as to who is representing HTH's interests. While counsel of record is Gregory Kinoian, the attached communications seem to indicate that Stolz is calling the shots for not only PRX but HTH and Margolis as well. While this is problematic for many reasons, Stolz, who does not represent HTH, has threatened to sue BA on behalf of HTH, seemingly for the sole reason that BA had the audacity to try to work out an arrangement with the Petitioning Creditors. Indeed, upon information and belief, such an action was commenced on or about May 3, 2021, although not by Stolz or HTH's counsel in this matter. Importantly, PRX owes HTH much more than BA does, yet there is no indication that HTH intends to pursue repayment of this debt.

20. Of course, the reason that it will not do so is that (a) Margolis would be suing Margolis, and (b) Margolis, acting NOT for the benefit of the creditors of HTH and solely in his own self-interest, reduced the amount of the PRX Note and extended its time of repayment. This was done in consideration of PRX's assumption of certain, but not all, of HTH's debts. Noteworthy amount those debts is $816,929 owed by HTH to Margolis personally. In other words, PRX (a Margolis entity) does not have to timely repay HTH (another Margolis entity) in consideration for PRX (a presumably solvent entity) repaying among other things, substantial obligations of HTH owed to Margolis himself. A copy of that extension and the emails requesting same (showing yet again the failure of counsel to respond to the emails of the Petitioning Creditors) are annexed hereto as Exhibit "K". This is the quintessential definition of self-dealing, and is likely to be considered a breach of Margolis' fiduciary duties to his creditors and investors.

21. Importantly, it is unclear as to when the terms of the PRX Note were extended, and it could very well have been subsequent to the Petition Date. The extension itself is undated, but the resolutions were dated, by hand, a mere 2 weeks before the Petition Date. Although it cannot be ascertained with certainty, if in fact the extension was entered in the gap period, this dissipation of HTH's assets may be grounds itself for the appointment of an interim trustee until the OFR is entered.

22. In any event, Margolis' self-dealing still continues now. Margolis has scheduled a Zoom presentation to attempt to convince the Petitioning Creditors to accept the proposal discussed in paragraph 16 above, while at the same time refusing to discuss the BA proposal and, to add insult to injury, suing BA and not doing one thing to collect the debt owed by PRX.

8

2012408v1

23. It is these very types of conflicts that, on top of the obvious defaults under the Stipulation and the failure of HTH to act in good faith, support immediate entry of the OFR as opposed to on June 20, 2021 so that the transparency that was supposed to have resulted from the Stipulation can in fact occur, and so that all of HTH and Margolis' actions are subject to oversight and review.[2]

24. In accordance with D.N.J. LBR 9013-1(a)(3), it is respectfully submitted that no brief is necessary in the Court's consideration of this motion, as it does not involve issues of law.

WHEREFORE, the Petitioning Creditors respectfully request that the Court grant the relief sought herein, together with such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
May 11, 2021

CULLEN AND DYKMAN LLP

By: s/ Bonnie Pollack
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

100 Quentin Roosevelt Boulevard
Garden City, NY  11530
(516) 357-3700

*Counsel for Certain Petitioning Creditors*

---

[2] The self-dealing and conflicts that are being perpetrated by Margolis also make this case ripe for the appointment of a Chapter 11 trustee should HTH, upon entry of the OFR, convert the case to one under Chapter 11. The Court should note that, in that event, the Petitioning Creditors intend to make such a motion immediately upon conversion.