| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>Gregory S. Kinoian, Esq. (GK-7386)<br>Gregory Kinoian Law LLC<br>Tel:     (201) 741-6341<br>Email:   gkinoian@gmail.com<br><br>Of Counsel to<br><br>Aboyoun Dobbs LLC<br>77 Bloomfield Avenue<br>Pine Brook, NJ 07058<br>Tel:     (973) 575-9600<br>Fax:    (973) 575-1925<br><br>*Counsel to Alleged Debtor,*<br>*Health Tech Harbor, Inc.* | |
| In re:<br><br>**HEALTH TECH HARBOR, INC.,**<br><br>                    Alleged Debtor. | Involuntary Chapter 7<br><br>Case No. 20-19017 (RG)<br><br>Hearing Date:   June 15, 2021<br>                                11:00 a.m. |

# DECLARATION OF DANIEL M. STOLZ, ESQ.
# IN OPPOSITION TO MOTION FOR IMMEDIATE ENTRY OF
# <u>ORDER FOR RELIEF</u>

DANIEL M. STOLZ, being of full age and having been duly sworn according to law, hereby deposes and says:

1. I am a Partner in the firm of Genova Burns, LLC., counsel to DGN Pharmacy, Inc. d/b/a PersonalRX ("PRX"), with regard to the dismissed Involuntary Chapter 7 case of Health Tech Harbor, Inc. I submit the within Declaration, based upon my personal knowledge, in opposition to the Motion of certain petitioning creditors, seeking the immediate entry of an Order for Relief.

2. I was retained by PRX, through my prior firm, in August of last year, after the petitioning creditors filed an Involuntary Petition against Health Tech Harbor, Inc. ("HTH"). The principal of PRX is Lawrence Margolis. During the nine (9) months that I have represented PRX, I have dealt with Mr. Margolis on an almost daily basis. Although Mr. Margolis is not an attorney himself, he is more familiar than most layman with the law, as his father, Martin Margolis was a prominent attorney in New Jersey, his uncle Harry Margolis was a Judge of the Superior Court and his aunt, Fran Margolis is a prominent and respected bankruptcy attorney.

3. The Petitioning Creditors **DID NOT** lend any money to PRX, nor do they have any privity whatsoever with PRX. The reason that PRX is involved is that a portion of the funds contributed by the Petitioning Creditors to HTH were then loaned by HTH to PRX. The remainder of the funds contributed by the Petitioning Creditors to HTH were loaned to Han Benefit Advantage, Inc. d/b/a Ben Advance ("Ben Advance"). Several of the larger Petitioning Creditors are also stockholders of Ben Advance.

4. Along with counsel to HTH, I personally negotiated the terms of the Stipulation and Consent Order resolving HTH's motion to dismiss the Involuntary Petition with Bonnie Pollack, Esq. I have known Ms. Pollack for quite some time. Ms. Pollack recently represented the secured creditor in a series of Chapter 11 cases which are pending before Judge Kaplan. In that case, as in this case, Ms. Pollack expressed skepticism as to my client's ability to satisfy the indebtedness due to her client and Ms. Pollack frequently made negative comments with regard

to the principals of my clients. In the proceeding before Judge Kaplan, we succeeded in paying off the entirety of the $10 million indebtedness due to Ms. Pollack's client.

5. The purpose of the Stipulation and Consent Order was to allow for a six (6) month period, ending July 20, 2021, for the Petitioning Creditors and PRX to negotiate a means for the repayment of the PRX indebtedness to HTH. Indeed, paragraph twelve (12) of the Stipulation attached to the Consent Order, the parties were required to engage in "good faith discussions" in an attempt to resolve the outstanding PRX indebtedness to HTH.

6. Clearly, while PRX has attempted to engage in "good faith discussions", the Petitioning Creditors have not responded in kind. We learned from Ms. Pollack that the Petitioning Creditors supposedly had reached an agreement with Ben Advance (despite not having engaged HTH or PRX in any of the negotiations) based solely on the conversion of Ben Advance's indebtedness to HTH into stock in Ben Advance for the Petitioning Creditors. When we then submitted a proposal on behalf of PRX for the conversion of its indebtedness to HTH into stock in PRX, using the terms of the Petitioning Creditors' agreement with Ben Advance as a template, the response from Ms. Pollack on behalf of her clients was to characterize the PRX stock as "worthless" and to outright reject our offer without making a counterproposal or engaging in further negotiations. The only difference between PRX's proposal and BenAdvance's proposal was that PRX's proposal made it clear that it would be extended to all of HTH's creditors, not just the Petitioning Creditors as BenAdvance's proposal was crafted.

3

7. Paragraph 5 of the Stipulation between the Parties sets forth that the Petitioning Creditors would have the right to perform a forensic accounting of the books and records of HTH and PRX. Paragraph 5 of the Stipulation also provides that HTH and PRX shall cooperate with "the reasonable requests of the forensic accountant". Despite the fact that a number of the requests by the accountants for the Petitioning Creditors were not "reasonable", PRX has endeavored, in good faith, to comply with each of the requests. To date, PRX has produced literally tens of thousands of pages of documents to the accountants for the Petitioning Creditors. There was some initial delay as a result of the fact that the accountants chosen by the Petitioning Creditors are an accounting firm who was contacted by PRX to serve as their auditors and PRX had provided that accounting firm with confidential information.

8. PRX has only one accounting employee, Cheryl Fine, who also was outsourced to provide bookkeeping services to HTH. Since PRX is a Securities Exchange Commission reporting company, much of Ms. Fine's time is spent assuring that all filings required by the SEC are completed appropriately and submitted in a timely manner. In addition, during the time Ms. Fine was tasked with organizing the documents requested by the Petitioning Creditors' accountants, she had to travel out of State for one week to help a relative who had fallen ill.

9. I refer the Court to Ms. Fine's Declaration submitted herewith in opposition to the Petitioning Creditors' Motion. Ms. Fine's Declaration the substantial good faith efforts undertaken by PRX to comply with the document

requests submitted by the Petitioning Creditors' accountants both before and after the Petitioning Creditors' Motion was filed.

10. The depth and breadth of the information requested by the Petitioning Creditors' accountants are the type that would be sought by a creditor who had obtained a judgment, as opposed to information needed by a party wishing to engage in settlement negotiations. Notwithstanding that, PRX has endeavored to comply with the requests in good faith.

11. Much of the information requested by the Petitioning Creditors' accountants related to accounts at PRX's bank, JP Morgan Chase, that had been closed (one PRX account and two HTH accounts). Chase advised that it would take six to eight weeks to retrieve the documents relating to the closed accounts. Obviously, Chase did not give such requests as a top priority. Ultimately, huge boxes have arrived from Chase with a monumental amount of paper in them. In order to provide that information to the Petitioning Creditors, that paper needed to be scanned and placed into a secure link. I understand from Ms. Fine that, as of the date of this Declaration, she is still awaiting certain documents from Chase (checks and deposit slips for one of the accounts). Again, this was a massive task for a single accounting employee.

12. Shortly after the accountants' initial document request was received, I began to receive a string of letters and emails from Ms. Pollack, which were thinly veiled attempts to create a record of a default. In each of the letters or emails, there were threats of default and assertions that PRX was either hiding information or not acting in good faith. Yet, as reflected in Ms. Fine's Declaration, PRX was

diligently endeavoring to comply with the accountants' requests. In response to each of those communications from Ms. Pollack, I urged her to avoid bombastic, derogatory or threatening statements, so that we could work cooperatively in good faith to comply with the reasonable document requests. In fact, it is my understanding that Ms. Fine has not received any further emails from the Petitioning Creditors' accountants requesting any additional information since her May 24, 2021 reply to their May 21, 2021 list of outstanding documents.

13. Throughout the four (4) months since the Stipulation was signed with the Petitioning Creditors, PRX has provided monthly reports to Morris Bauer, Esq., the Court-appointed mediator and has conducted regular discussions with Mr. Bauer.

14. Certain of HTH's creditors, including many of the Petitioning Creditors, had commenced a lawsuit in New Jersey State Court (Bergen County) against HTH. Before the time even expired for HTH to answer that Complaint, the Petitioning Creditors filed the Involuntary Petition commencing this case.

15. Prior to the filing of the Involuntary Petition, PRX had gained great momentum in seeking outside funding, which would have allowed PRX to promptly repay its obligations to HTH. Despite the fact that the motion to dismiss the Involuntary Petition had been resolved, the damage had already been done. Essentially, by filing the Involuntary Petition, the Petitioning Creditors "shot themselves in the foot" by damaging the company that they hope will repay its indebtedness to allow the Petitioning Creditors in turn to receive repayment.

16. We then submitted PRX's initial proposal to the Petitioning Creditors, in good faith, using the Petitioning Creditors' agreement with Ben Advance as a template. Rather than engaging in any negotiations whatsoever, the Petitioning Creditors merely rejected the proposal and filed their Motion for immediate relief. Indeed, when we asked through Mediator Bauer, for a counterproposal from the Petitioning Creditors, we were advised that such a counterproposal would not be forthcoming.

17. Even after the Petitioning Creditors' Motion was filed, PRX continued to act in good faith pursuant to the terms of the Stipulation and Consent Order. PRX continued to follow-up with the information requests from the Petitioning Creditors' forensic accountants. And, based on input from Mediator Bauer, we even submitted a substantially revised proposal on behalf of PRX with back-up and support prepared and vetted by PRX's independent financial advisor. PRX's revised proposal was met with new demands by counsel to the Petitioning Creditors for information well beyond the scope agreed to as part of the Stipulation and Consent Order.

18. Recently, Mr. Margolis learned that certain individuals, all creditors of HTH, including at least one of the Petitioning Creditors, and including several individuals who are or should be deemed insiders of HTH, recently formed a company with, upon information and belief, the intention of directly competing with the business of PRX and/or stealing business of PRX. I refer the Court to Mr. Margolis' Declaration submitted herewith. This new company has hired a former PRX employee (who was a Vice President and Chief Revenue Officer of PRX),

7

who is subject to a restrictive covenant with PRX and who has sued PRX (which litigation is currently pending). Mr. Margolis fears that confidential PRX information shared with each of those certain individuals and some and/or all of the Petitioning Creditors before **and after** the filing of the Involuntary Petition against HTH and/or shared with the Petitioning Creditors, through their attorneys and forensic accountants, as part of the Court-ordered mediation among HTH, PRX and the Petitioning Creditors is or will be used to compete with PRX. All of the confidential information had been provided subject to non-disclosure agreements and/or understandings that such information was to be treated as confidential. When brought to Ms. Pollack's attention, she replied that the Petitioning Creditor Dr. Ramachandra Malya (who claims to be owed $505,000 from HTH and claims his company, Whealthcare LLC, which is another Petitioning Creditor, is owed $3,500,000 from HTH, representing HTH's largest creditors), supposedly had not yet decided whether to invest in the competing company, even though there is correspondence confirming Dr. Malya's expected funding.

19.    Mediator Bauer suggested a further mediation session on June 10th or 11th, but Ms. Pollack declined unless certain demands by the Petitioning Creditors were met.

20.    In summary, PRX has acted completely in good faith and consistent with its obligations under the Stipulation and Consent Order. The Petitioning Creditors have not.

21.    Based upon the foregoing, the Motion of the Petitioning Creditors should be denied.

22. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Daniel M. Stolz* (HHK with written authorization)

_____
DANIEL M. STOLZ

Dated: June 8, 2021.