| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Gregory S. Kinoian, Esq. (GK-7386)<br>Gregory Kinoian Law LLC<br>Tel:    (201) 741-6341<br>Email: gkinoian@gmail.com<br><br>Of Counsel to<br><br>Aboyoun Dobbs LLC<br>77 Bloomfield Avenue<br>Pine Brook, NJ 07058<br>Tel:    (973) 575-9600<br>Fax:    (973) 575-1925<br><br>*Counsel to Alleged Debtor,*<br>*Health Tech Harbor, Inc.* |
| In re:<br><br>**HEALTH TECH HARBOR, INC.,**<br><br>              Alleged Debtor. |

Involuntary Chapter 7

Case No. 20-19017 (RG)

Hearing Date: June 15, 2021
                    11:00 a.m.

**MEMORANDUM OF LAW IN SUPPORT OF ALLEGED DEBTOR'S CROSS-MOTION FOR RELIEF FROM THAT CERTAIN CONSENT ORDER APPROVING STIPULATION RESOLVING MOTION TO DISMISS INVOLUNTARY PETITION (DKT. 68) AND FOR CERTAIN OTHER RELATED RELIEF**

Dated: June 8, 2021

## **TABLE OF CONTENTS**

**Page**

**PRELIMINARY STATEMENT** ...............................................................................................1

**JURISDICTION** .......................................................................................................................4

**BACKGROUND** .......................................................................................................................5

    **PRX and HTH Have Acted in Good Faith Under the Terms of the Stipulation** .........5

    **Petitioning Creditors Have Failed to Act in Good Faith under the Terms of the Stipulation**.........................................................................................................................8

**STANDARDS OF REVIEW AND ARGUMENT** ................................................................12

**CONCLUSION** .......................................................................................................................14

Health Tech Harbor, Inc. ("HTH"), the Alleged Debtor in this above-captioned involuntary Chapter 7 case, by and through its undersigned counsel, submits this Memorandum of Law in support of HTH's (A) Cross-Motion pursuant to Fed. R. Civ. P. 60(b), as made applicable pursuant to Fed. R. Bankr. P. 9024, for relief from that certain Consent Order Approving Stipulation Resolving Motion to Dismiss Involuntary Petition (Dkt. 68) (the "Consent Order") by vacating the Consent Order and deeming the Stipulation Resolving Motion to Dismiss Involuntary Petition (Dkt. 67) (the "Stipulation") breached by the Petitioning Creditors[1] and null and void, (B) scheduling and evidentiary hearing on the HTH's Cross-Motion, (C) in the interim, granting temporary relief from the Consent Order and Stipulation extending the July 20, 2021 deadline established therein pending the Court's final determination of HTH's Cross-Motion, and (D) granting such other and further relief as the Court deems just and proper.

## PRELIMINARY STATEMENT

On January 20, 2021, this Court entered the Consent Order approving the Stipulation. The purpose of the Stipulation and Consent Order was to allow for a six-month standstill period, ending July 20, 2021, for the HTH, PRX[2] and the Petitioning Creditors to negotiate a resolution of the debts owed by HTH to the Petitioning Creditors. See Stipulation at paragraphs 2, 4 and 12.

---

[1] As used herein, the "Petitioning Creditors" shall refer to, collectively, (A) the original Petitioning Creditors who signed the Involuntary Petition commencing the above-captioned case, Ramachandra Malya, Whealthcare LLC, Annette Catino and John Lloyd (collectively, the "Original Petitioning Creditors") and (B) the following parties who filed joinders to the Involuntary Petition (the following parties being referred to herein as, collectively, "the Additional Petitioning Creditors"): Aashisha Pandya (Dkt. 17); Devesh Pandya (Dkt. 18); Doraraju Kurusamy (Dkt. 19); Kavita Majithia (Dkt. 27); Krishnan Murthi Kurusamy (Dkt. 15); Lily Y. Loh (Dkt. 20); Madhavi Chenna (Dkt. 14); Manmath Panda (Dkt. 30); Mohammed Ahmed (Dkt. 32); PH Vanodia (Dkt. 16); Ravi Chenna (Dkt. 14); Sanjaykumar R Kamani (Dkt. 28); Umesh Kumar (Dkt. 21); Vijay Koka (Dkt. 22); and Vishal Patel (Dkt. 23).

[2] As used herein, "PRX" shall refer to DGN Pharmacy, Inc., a New Jersey corporation, which does business as PersonalRX (references herein to PRX shall include DGN Pharmacy, Inc.).

Indeed, paragraph 12 of the Stipulation expressly required the parties to engage in "good faith discussions" to reach such a resolution.

HTH's books and records reflect that there is approximately $13,310,209 in total liabilities, all of which are unsecured, and approximately $9,926,910 in total assets, which consist of note receivables HTH holds against PRX for approximately $7,715,000 and BenAdvance[3] for approximately $2,200,000. Of the $13,310,209 in total liabilities, the Petitioning Creditors assert claims against HTH totaling $6345,000.

As established by the Declarations submitted herewith of Lawrence H. Margolis, chief executive officer and president of HTH and PRX (the "Margolis Declaration"), Cheryl Fine, the bookkeeper for PRX and HTH (the "Fine Declaration") and Daniel M. Stolz, counsel to PRX (the "Stolz Declaration"), the Petitioning Creditors have breached their good faith obligations (expressed and implied) under the Stipulation.

First, Mr. Margolis recently learned that certain individuals, all creditors of HTH, including at least one of the Petitioning Creditors, and including several individuals who are or should be deemed insiders of HTH, including a former employee, Vice President and Chief Revenue Officer of PRX, recently formed a company with, upon information and belief, the intention of directly competing with the business of PRX and/or stealing business of PRX based on confidential PRX information shared with each of those certain individuals and some and/or all of the Petitioning Creditors before and after the filing of the Involuntary Petition against HTH and/or shared with the Petitioning Creditors, through their attorneys and forensic accountants, as part of the Court-ordered mediation among HTH, PRX and the Petitioning Creditors, all of

---

[3] As used herein, "BenAdvance" shall refer to Han Benefit Advantage Inc., a New York corporation, which does business as BenAdvance (references herein to "BenAdvance" shall include HAN Benefit Advantage Inc.).

2

which confidential information had been provided subject to non-disclosure agreements and/or understandings that such information was to be treated as confidential.

Second, the Petitioning Creditors have purportedly reached a settlement with BenAdvance, without HTH's consent or PRX's consent and without consideration for HTH's creditors not included among the Petitioning Creditors. Indeed, upon information and belief, presumably owing to a multitude of conflicts of interest between certain of the Petitioning Creditors and the principals of BenAdvance (which includes some of the same individuals), as well as counsel purportedly representing BenAdvance (among other individuals), the Petitioning Creditors reached the purported settlement with BenAdvance without making the same or similar demands or demanding the same or similar disclosures as the Petitioning Creditors have been requiring from PRX. Yet, when PRX made a similar proposal to the Petitioning Creditors, using the BenAdvance proposal as a template, the Petitioning Creditors outright rejected PRX's proposal without a counterproposal. The day after PRX submitted a substantially revised proposal to the Petitioning Creditors, Mr. Margolis learned that BenAdvance had supposedly finalized its agreement with the Petitioning Creditors, circulating documents for execution.

Third, despite clear good faith efforts by PRX and HTH to comply with document demands made on behalf of the Petitioning Creditors purportedly under the terms of the Stipulation, counsel to the Petitioning Creditors almost from the start agitated that their document demands were not being complied with. Communications between Ms. Fine and the Petitioning Creditors' forensic accountants, Citrin Cooperman ("Citrin"), clearly establish otherwise.

Instead of engaging HTH and PRX in good faith settlement discussions, the Petitioning Creditors filed their Motion for Immediate Entry of Order for Relief (Dkt. 70) (the "Petitioning

3

Creditors' Motion") to which this Cross-Motion is filed in response. The Declarations are filed in opposition to the Petitioning Creditors' Motion. The Declarations establish that the assertions in the Petitioning Creditors' Motion are baseless and, therefore, that the Petitioning Creditors' Motion should be denied in its entirety.

Had HTH and PRX been aware of the Petitioning Creditors' nefarious intentions, they would not have entered into the Stipulation. Without relief from the Consent Order, PRX's business will be irreparably harmed. Accordingly, for the reasons set forth herein, there are extraordinary circumstances establishing sufficient grounds for the Court to grant the Cross-Motion, vacate the Consent Order and deem the Stipulation null and void.

HTH and PRX respectfully request an evidentiary hearing on HTH's Cross-Motion. In the interim, for the reasons described below, there are sufficient grounds to grant temporary relief from the Consent Order, extending the July 20, 2021 deadline established therein pending the Court's final determination of HTH's Cross-Motion.

Should HTH's Cross-Motion be granted, HTH will request entry of a pre-trial order with respect to HTH's motion to dismiss the involuntary petition (Dkt. 10) for having been filed in bad faith scheduling discovery, pre-trial motions and an evidentiary hearing with respect thereto.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). This Cross-Motion is proper pursuant to Fed. R. Civ. P. 60(b), as made applicable pursuant to Fed. R. Bankr. P. 9024, and Fed. R. Bankr. P. 9013 and 9014.

## BACKGROUND

In addition to the Margolis Declaration, the Fine Declaration and the Stolz Declaration submitted herewith, HTH also relies on, among other things, the Declaration (Dkt. 10-1) and Supplemental Declaration (Dkt. 35) of Mr. Margolis submitted in support of HTH's motion to dismiss the involuntary petition (Dkt. 10), all of which are incorporated herein by reference.

**PRX and HTH Have Acted in Good Faith Under the Terms of the Stipulation**

While HTH and PRX have attempted to engage in good faith discussions, as required by the Stipulation, the Petitioning Creditors have not responded in kind. HTH and PRX, through their counsel, learned from counsel to the Petitioning Creditors that the Petitioning Creditors supposedly had reached an agreement with Ben Advance (despite not having engaged HTH or PRX in any of the negotiations) based solely on the conversion of Ben Advance's indebtedness to HTH into stock in Ben Advance for the Petitioning Creditors. When PRX then submitted a proposal to the Petitioning Creditors for the conversion of its indebtedness to HTH into stock in PRX, using the terms of the Petitioning Creditors' agreement with Ben Advance as a template, the response from counsel to the Petitioning Creditors on behalf of her clients was to characterize the PRX stock as "worthless" and to outright reject the PRX offer with making a counterproposal or engaging in further negotiations. Instead, the Petitioning Creditors' Motion was filed soon after.

Paragraph 5 of the Stipulation gave the Petitioning Creditors the right to perform a forensic accounting of the books and records of HTH and PRX. Paragraph 5 of the Stipulation also provides that HTH and PRX shall cooperate with "the reasonable requests of the forensic accountant." Despite a number of the requests by the Petitioning Creditors not being reasonable or relevant to a forensic accounting, PRX endeavored, in good faith, to comply with the requests.

5

To date, HTH and PRX have produced literally tens of thousands of pages of documents to the Petitioning Creditors' accountants, Citrin Cooperman ("Citrin").

PRX has only one accounting employee, Ms. Fine. Ms. Fine is primarily responsible for PRX's bookkeeping, among other things. She also was outsourced to perform similar services for HTH. Since PRX is a Securities Exchange Commission reporting company, much of Ms. Fine's time is spent assuring that all filings required by the SEC are completed appropriately and submitted in a timely manner. In addition, during the time Ms. Fine was tasked with organizing the documents requested by Citrin, she had to travel out of State for one week to help a relative who had fallen ill.

PRX received three document requests through counsel to the Petitioning Creditors with instructions to provide the requested documents to Citrin. The first was provided on or about February 16, 2021 and included seventeen (17) categories of documents. The second was provided on or about April 6, 2021 and included one (1) additional category of documents. The third was provided on or about May 28, 2021 (the Friday before Memorial Day) and included another two (2) additional categories of documents. The requests sought documents from HTH for periods before it existed. Ms. Fine promptly began working on Citrin's document requests. In March 2021, a secure document depository on Google Drive was created. Ms. Fine began uploading documents to Google Drive and provided a link to the Google Drive site to Citrin. After weeks of uploading countless documents, on April 29, 2021, Citrin, for the first time, asked Ms. Fine to instead upload the documents to their own secure site, supposedly because the Google Drive site was not secure. While having to re-upload the information was tremendously time consuming, Ms. Fine complied with Citrin's request to upload the files to the link provided to me on April 29, 2021. After substantial time and effort, on May 13, 2021 (that is, two days

6

AFTER the Petitioning Creditors' Motion was filed), Citrin sent Ms. Fine a different link and asked her to re-upload the documents to that link. Again, Ms. Fine went through the incredibly time-consuming process to re-upload the files (for a third time).

Much of the information requested by Citrin related to accounts at PRX's bank, JP Morgan Chase, that had been closed (one PRX account and two HTH accounts). Chase advised that it would take six to eight weeks to retrieve the documents relating to the closed accounts. Obviously, Chase did not give such requests as a top priority. Ultimately, huge boxes arrived from Chase with a monumental amount of paper in them that, in order to provide that information to Citrin, needed to be scanned and uploaded to their specified secure link. According to Ms. Fine, as of the date of this Cross-Motion, she is still awaiting certain documents from Chase (checks and deposit slips for one of the accounts). Again, this was a massive task for a single accounting employee.

Meanwhile, despite Ms. Fine receiving written confirmations from Citrin that they were receiving and had received the requested information, counsel to PRX and HTH were receiving and continue to receive communications from counsel to the Petitioning Creditors asserting that PRX was not complying with Citrin's information requests. Indeed, after Ms. Fine received confirmation that Citrin's requests were being complied with, counsel to the Petitioning Creditors sent a letter asserting that there were three categories of documents that still had not been addressed. However, those categories were newly added and had not be included among Citrin's original document requests. According to Ms. Fine, she has not received any further emails from Citrin requesting any additional information since her May 24, 2021 reply to their May 21, 2021 list of outstanding documents.

Even after the Petitioning Creditors' Motion was filed, PRX continued to act in good faith pursuant to the terms of the Stipulation and Consent Order. PRX continued to follow-up with the information requests from Citrin. And, based on input from the Court-appointed mediator, Morris Bauer, on May 21, 2021, PRX even submitted a substantially revised proposal on behalf of PRX with back-up and support prepared and vetted by PRX's independent financial advisor which was provided on May 24, 2021. PRX's revised proposal was met with new demands by counsel to the Petitioning Creditors for information well beyond the scope agreed to as part of the Stipulation and Consent Order.

**Petitioning Creditors Have Failed to Act in Good Faith under the Terms of the Stipulation**

Almost immediately after provided the Petitioning Creditors were provided with PRX's revised proposal, Mr. Margolis learned about two extremely concerning issues that establish that the Petitioning Creditors have not been dealing with PRX and HTH in good faith.

First, Mr. Margolis learned that the agreement between BenAdvance and the Petitioning Creditors, which had been represented to HTH and PRX as merely a proposed term sheet, had been formalized into documentation sent to each of the Petitioning Creditors for their execution. That is, without having engaged HTH or PRX in any discussions, on May 22, 2021, BenAdvance's CEO, Anthony Milone, who is also the executive vice-president and 37.74% shareholder of HTH, sent documents to the Petitioning Creditors and certain other HTH convertible noteholders for execution that supposedly settled BenAdvance's $2,200,000 obligation to HTH in exchange for stock in BenAdvance.

As previously stated, when PRX initially submitted a proposal to the Petitioning Creditors using the agreement between the Petitioning Creditors and BenAdvance as a template, PRX's proposal was rejected outright without a counterproposal or negotiations. The only difference between PRX's proposal and BenAdvance's proposal was that PRX's proposal made

8

it clear that it would be extended to all of HTH's creditors, not just the Petitioning Creditors as BenAdvance's proposal was crafted. Immediately after PRX submitted a substantially revised proposal, Mr. Margolis learned that terms of the BenAdvance agreement had been accepted and documented with each of the Petitioning Creditors and certain other HTH convertible noteholders. The willingness of the Petitioning Creditors, which includes shareholders of BenAdvance (such as Dr. Malya), to accept the settlement terms with BenAdvance while outright rejecting substantially similar terms from PRX demonstrates a clear breach of the obligation in the Stipulation to conduct good faith discussions with PRX.

Second, Mr. Margolis learned on or about May 26, 2021 that several HTH creditors, at least one of whom (Dr. Malya) is also a Petitioning Creditor, each of whom had or has had access to confidential PRX information, recently formed a company named WellClarity Inc. in Delaware and registered a service mark under the name WellClarity Rx and a trademark under the name WellClarity Solutions. The company was formed on April 23, 2021. The service mark and trademark were registered on May 10, 2021 and May 13, 2021, respectively. The filings describe WellClarity's business as "[p]roviding services to assist consumers with sourcing prescription drugs," which clearly is intended to directly compete with and/or outright steal business of PRX. The individuals that Mr. Margolis is aware of who are involved with WellClarity include the following:

    a.    Andrew Goodenough of Goodenough Associates who was identified on a Reg A Preliminary Offering Circular filed with the Securities Exchange Commission on behalf of HTH on April 20, 2018 as HTH's Chief Operating Officer and is a creditor of HTH in the amount of $197,885;

9

    b.        Biagio Graffagnino, a former Vice President and Chief Revenue Officer of PRX, who is a creditor of HTH in the amount of $150,000 for a loan payable and who was intended to be HTH's chairman pursuant to the terms of a December 24, 2019 memorandum of understanding regarding, among other things, the terms of the intended merger executed by PRX, BenAdvance and HTH, and was a member of the HTH merger oversight committee (along with me, Petitioning Creditor Malya and BenAdvance CEO Milone);

    c.        Gavin Scotti, Jr., a creditor of HTH in the amount of $100,000 (and whose father, Gavin Scotti, Sr., is a creditor of HTH in the amount of $500,000), who, along with his father, are substantial shareholders in BenAdvance, who on May 11, 2021 (**that is, on the same date that the Petitioning Creditors' Motion was filed**), sent Mr. Margolis an email threatening to have me "hung from the highest tree very very soon!"; and

    d.        Petitioning Creditor Dr. Malya, who was identified on the April 20, 2018 Reg A Preliminary Offering Circular filed with the Securities Exchange Commission on behalf of HTH on as a director of HTH, who was a member of the HTH merger oversight committee and who claims to be owed $505,000 from HTH (while his company, Whealthcare LLC, which is another Petitioning Creditor, claims to be owed $3,500,000 from HTH).

Furthermore, WellClarity filings identify Kevin Harrington, Esq. as the attorney of record. Harrington is also currently representing BenAdvance in HTH's action against BenAdvance to collect on the note receivable which was recently removed from New Jersey Superior Court to this Court (Adv. Proc. No. 21-1278 RG). Harrington also, represented BenAdvance, Dr. Malya,

10

Milone and Scotti during negotiations with HTH leading up to the December 24, 2019 memornadum of understanding, purported to represent HTH at various times and even submitted an invoice, through Milone, for HTH to pay (which invoice was ultimately paid by Dr. Malya).

Each of those individuals were privy to confidential business information of PRX during the PRX/BenAdvance merger efforts. Dr. Malya, as a Petitioning Creditor, has been privy to confidential PRX information since the commencement of the involuntary bankruptcy case against HTH and in connection with the Court-ordered mediation efforts, as well as pursuant to the Stipulation and Consent Order. Non-disclosure agreements and understandings were in place during the merger efforts, after the commencement of the involuntary case, during the mediation efforts and with respect to the information PRX provided pursuant to the Stipulation and Consent Order. Yet, in a May 26, 2021 email from Goodenough to, among others, Graffagnino with the subject heading of "misc followup items" regarding WellClarity, there is a reference to "fill the Pillow contract and others coming soon," which, upon information and belief, is a reference to PillowRX with which PRX signed an agreement two years ago.

Upon information and belief, Dr. Malya is the lead representative of the Petitioning Creditors. Dr. Malya's involvement with WellClarity is a serious breach of the good faith obligation (both expressed and implied) in the Stipulation.

In the meantime, Mediator Bauer suggested a further mediation session on June 10th or 11th, but, as represented to me by PRX's counsel, Ms. Pollack declined unless certain demands by the Petitioning Creditors were met.

All of the foregoing establish that the Petitioning Creditors have breached their good faith obligations under the Stipulation and Consent Order to the detriment of PRX. Prior to the filing

11

of the Involuntary Petition, PRX had gained great momentum in seeking outside funding, which would have allowed PRX to promptly repay its obligations to HTH. Despite the fact that the motion to dismiss the Involuntary Petition had been resolved, the damage had already been done. Essentially, by filing the Involuntary Petition, the Petitioning Creditors "shot themselves in the foot" by damaging the company that they hope will repay its indebtedness to allow the Petitioning Creditors in turn to receive repayment.

## STANDARDS OF REVIEW AND ARGUMENT

"'Bankruptcy courts, as courts of equity, have the power to reconsider, modify, or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders.'" In re G-I Holdings, Inc., 472 B.R. 263, 277 (Bankr. D.N.J. 2012), quoting Cisneros v. United States (In re Cisneros), 994 F.2d 1462, 1466 (9th Cir. 1993). "In order to meet the requirements of equity and serve the interests of justice, a bankruptcy court may reconsider any of its orders, including, if necessary, **even stipulations**." G-I Holdings, Inc., 472 B.R. at 277 (emphasis added), citing Meyer v. Lenox (In re Lenox), 902 F.2d 737, 740 (9th Cir. 1990).

Fed. R. Civ. P. 60(b), as made applicable by Fed. R. Bankr. P. 9024, reads, in relevant part, as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: … (3) … misconduct by an opposing party; … or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(c)(1) requires that a Rule 60 motion be "made within a reasonable time." HTH's Cross-Motion was filed within 4½ months of entry of the Consent Order and in less than three weeks of Mr. Margolis learning about (A) the Petitioning Creditors formalizing their agreement with BenAdvance along terms they outright rejected when proposed by PRX and (B) the formation of WellClarity by creditors of HTH who are or should be deemed insiders,

12

which creditors included, among others, Petitioning Creditor Dr. Malya, all of whom have been privy to confidential business information of PRX.

Rule 60(b)(3) requires a showing of misconduct by the opposing party. With respect to Rule 60(b)(3), Courts have required such a showing by clear and convincing evidence. Brown v. Pa. R. Co., 282 F.2d 522, 527 (3d Cir. 1960). Here, the Margolis, Fine and Stolz Declarations amply establish that the Petitioning Creditors have breached their obligation under the Stipulation to act in good faith. The Petitioning Creditors' bad faith misconduct substantially interferes with PRX and HTH realizing the benefit of the very crux of the standstill agreement, which was to reach a resolution of claims and obligations of the Petitioning Creditors, PRX and HTH. Respectfully, HTH and PRX should be permitted to present their position in an evidentiary hearing before the Court.

With respect to Rule 60(b)(6), while generally considered a "catch-all provision," Courts have added a requirement that the moving party demonstrate the existence of extraordinary circumstances that would result in extreme and unexpected hardship if relief is not granted. *See* Budget Blinds, Inc. v. White, 536 F.3d 244, 251 and 255 (3d Cir. 2008), citing Gonzalez v. Crosby, 545 U.S. 524, 535-36, 125 S. Ct. 2641 (2005). Here, if the Cross-Motion is not granted, the Petitioning Creditors will be rewarded for failing to act in good faith with an eye toward taking over PRX to the detriment, not just of Mr. Margolis who has positioned PRX to take the next step in capital markets, but also to the detriment of the other creditors of HTH. Again, HTH and PRX respectfully request that they have the opportunity to present their position in an evidentiary hearing before the Court.

## CONCLUSION

For the reasons set forth herein, and in the Margolis, Fine and Stolz Declarations, HTH respectfully requests that the Court find that HTH and PRX have complied with the Stipulation,

including its obligation to conduct good faith settlement discussions with the Petitioning Creditors, and therefore deny the Petitioning Creditors' Motion, and further find that the Petitioning Creditors have breached the good faith obligation (both express and implied) in the Stipulation, and therefore find that sufficient grounds exist to grant HTH's Cross-Motion to vacate the Consent Order and deem the Stipulation breached and null and void. HTH respectfully requests further that, pending the Court's determination of HTH's Cross-Motion, the Court enter an order temporarily extending the July 20, 2021 deadline established by the Stipulation and Consent Order and grant such other and further relief that the Court deems just and proper.

Dated: June 8, 2021

Respectfully submitted,

/s/ *Gregory S. Kinoian*
Gregory S. Kinoian (GK-7386)
Gregory Kinoian Law LLC
Of Counsel to
Aboyoun Dobbs LLC
77 Bloomfield Avenue
Pine Brook, NJ 07058
Counsel to Alleged Debtor,
Health Tech Harbor, Inc.