UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1

**LOWENSTEIN SANDLER LLP**
Joseph J. DiPasquale, Esq.
Arielle B. Adler, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

**HARRINGTON OCKO MONK, LLP**
Kevin J. Harrington, Esq. (*pro hac vice*)
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800 (Telephone)
(914) 686-4824 (Facsimile)

*Co-Counsel to Han Benefit Advantage, Inc.*

In re:

**HEALTH TECH HARBOR, INC.,**

Debtor.

Chapter 7

Case No. 20-19017 (RG)

**HAN BENEFIT ADVANTAGE, INC.'S JOINDER TO PETITIONING CREDITORS'
APPLICATION FOR IMMEDIATE ENTRY OF ORDER FOR RELIEF AND THEIR
OPPOSITION TO HEALTH TECH HARBOR, INC.'S CROSS-MOTION**

Han Benefit Advantage, Inc. d/b/a BenAdvance ("BenAdvance"), by and through its undersigned counsel, hereby submits this joinder to the Petitioning Creditors' *Application for Immediate Entry of Order for Relief* [Docket No. 70] (the "Application") and the declarations [Docket No. 87] (the "Declarations") filed by the Petitioning Creditors in support of the Application and in opposition to the *Alleged Debtor's Cross-Motion for Relief From That Certain Consent Order Approving Stipulation Resolving Motion to Dismiss Involuntary Petition (Dkt. 68)*

*and for Certain Other Related Relief* [Docket No. 85] (the "<u>Cross-Motion</u>").[1]  In support of this Joinder, BenAdvance respectfully represents as follows:

## JOINDER

1. Although BenAdvance is certainly a party in interest with respect to the issues in this case, BenAdvance only recently began participating in HTH's bankruptcy proceeding following BenAdvance's removal to this Court of a suit filed by HTH in New Jersey Superior Court seeking to collect monies allegedly loaned by HTH to BenAdvance pursuant to a promissory note.

2. Based on the Application, the Declarations and the Cross-Motion, BenAdvance understands that, pursuant to the Stipulation, the Petitioning Creditors, HTH and PRX have agreed that an Order for Relief will be entered by July 20, 2021 if the parties have not earlier reached a settlement in this case.  As set forth in the Application, the Petitioning Creditors ask the Court to issue the Order for Relief sooner than July 20th due to alleged breaches of the Stipulation by HTH and PRX.  HTH, on the other hand, has cross-moved seeking to delay or deny altogether the entry of the Order for Relief, due to an alleged lack of good faith negotiations and supposed misconduct by the Petitioning Creditors.

3. For the reasons set forth in the Application, and for the additional reasons set forth herein detailing HTH's persistent unwillingness to engage with BenAdvance to discuss a global resolution of the issues in this case, BenAdvance believes that entry of the Order for Relief on or before July 20, 2021, and the appointment of a Chapter 7 Trustee if the parties cannot reach a global resolution by July 20, 2021, is in the best interests of the estate and its creditors.

4. BenAdvance joins in, adopts and incorporates as if fully set forth herein all

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

the legal and factual arguments set forth in the Application and in the Declarations filed by the Petitioning Creditors.

5. In the Application, the Petitioning Creditors refer to a lawsuit brought by HTH against BenAdvance. *See* Application, ¶ 19. Indeed, on or about April 23, 2021, after the Petition Date, HTH filed a complaint (the "Complaint") against BenAdvance in the Superior Court of New Jersey, Bergen County, commencing a civil lawsuit captioned *Health Tech Harbor, Inc. v. Han Benefit Advantage Inc., d/b/a BenAdvance*, Case No. BER-L-2665-21 (the "State Court Action"). In the Complaint, HTH alleges that it is entitled to judgment in the amount of $2,310,713.25 in connection with a promissory note between HTH and BenAdvance. It is curious, to say the least, that HTH chose to file this suit in New Jersey state court when the facts and issues in this lawsuit, including BenAdvance's alleged debt to HTH in connection with a promissory note, are so clearly intertwined with the facts and issues in this bankruptcy proceeding. It would seem that HTH chose that venue to reduce BenAdvance's ability to become part of a global, mediated settlement process, since at the time HTH filed the State Court Action, HTH and PRX were already involved in the Mediation with the Petitioning Creditors, a proceeding that it would make abundant sense for BenAdvance to be involved in.

6. On May 21, 2021, BenAdvance removed the State Court Action to this Court, where it is pending under Adv. Pro. No. 21-01278-RG (the "Adversary Proceeding").

7. In the interest of resolving the issues between BenAdvance and HTH as part of a global resolution in this proceeding, BenAdvance shared with HTH and PRX a term sheet reflecting an agreement in principle it had reached with the Petitioning Creditors to settle their claims against BenAdvance alleged to arise from monies loaned to HTH, a portion of which were thereafter loaned to BenAdvance. HTH and PRX rejected that settlement offer and made no

overture to offer alternative or different settlement terms, or to include BenAdvance in a global settlement.

8. One of the first things BenAdvance did after retaining counsel and removing the State Court Action to this Court was to make an overture to opposing counsel seeking consent for BenAdvance to participate in the ongoing Mediation. Seeking to do so on consent of the other parties in the case, BenAdvance notified respective counsel for the Petitioning Creditors, HTH and PRX, as well as the Mediator, of its intentions. In connection with its proposed participation in the Mediation, BenAdvance offered to pay 25% of the Mediator's fees going forward, which we understood to be consistent with the equal fee sharing arrangement then in effect.

9. Even though BenAdvance was not included in the Mediation, it provided the Mediator with a copy of a report concerning the valuation of BenAdvance, which had been used in negotiating and structuring the terms of BenAdvance's proposed settlement with the Petitioning Creditors.

10. The only party that objected to BenAdvance's participation in the Mediation was PRX. PRX's opposition to BenAdvance's participation in the Mediation is puzzling to say the least, particularly given how many times HTH emphasized in its Cross-Motion that PRX essentially copied BenAdvance's settlement proposal to the Petitioning Creditors for PRX's own proposal. *See* Memorandum of Law in Support of Cross-Motion [Docket No. 85-4], at 8 ("As previously stated, when PRX initially submitted a proposal to the Petitioning Creditors using the agreement between the Petitioning Creditors and BenAdvance as a template, PRX's proposal was rejected outright without a counterproposal or negotiations. The only difference between PRX's proposal and BenAdvance's proposal was that PRX's proposal made it clear that it would be extended to all of HTH's creditors, not just the Petitioning Creditors as BenAdvance's proposal

was crafted.").[2] If HTH is truly interested in resolving the issues in this case in good faith, efficiently, and in the best interests of the estate and its creditors, it should readily agree to BenAdvance's participation in the Mediation.

11. For the reasons set forth in the Application and the Declarations, BenAdvance agrees that HTH's and PRX's failures to comply with the terms of the Stipulation justify the entry of the Order for Relief, if not immediately then on July 20, 2021 as agreed upon in the Stipulation. BenAdvance also strongly opposes the Cross-Motion by HTH, which seeks to set aside the Stipulation pursuant to which HTH, PRX and the Petitioning Creditors resolved HTH's motion to dismiss [Docket No. 10] and agreed that, if good faith mediated settlement talks proved unsuccessful, the Order for Relief would be entered on a date certain.

12. BenAdvance, itself a party in interest in this bankruptcy case, has tried several times to encourage and be involved in productive settlement discussions. At every turn, PRX and HTH have failed to engage in such discussions and have rejected BenAdvance's involvement entirely. This persistent refusal to negotiate and mediate is not in the best interests of the estate and its creditors.

13. For all these reasons, the entry of the Order for Relief on or before July 20, 2021, with the appointment of a Chapter 7 Trustee if no global resolution is reached by July 20, 2021, is well warranted and in the best interests of the estate and its creditors.

**RESERVATION OF RIGHTS**

14. BenAdvance reserves its rights: (a) to revise, amend or supplement this Joinder; (b) to object and/or raise any issues that may arise in connection with the Application and the Cross-Motion, and the relief sought therein, that may be raised in other pleadings filed in this

---

[2] BenAdvance disagrees with HTH's and PRX's allegations and assertions concerning BenAdvance in the Cross-Motion and reserves all rights with respect to the Cross-Motion.

case; (c) to bring any further objection before the Court at or prior to any hearing on the Application and/or the Cross-Motion; and (d) with respect to any issues that arise or may arise in connection with the Adversary Proceeding.

**WHEREFORE**, BenAdvance respectfully requests that the Application be granted for the reasons set forth herein and in the Application and the Declarations, and that the Cross-Motion be denied in all respects, and for such other and further relief as the Court deems just and proper.

Dated: June 11, 2021

**LOWENSTEIN SANDLER LLP**

*/s/ Joseph J. DiPasquale*
Joseph J. DiPasquale, Esq.
Arielle B. Adler, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
E-mail: jdipasquale@lowenstein.com
E-mail: aadler@lowenstein.com

*And*

**HARRINGTON OCKO MONK, LLP**
Kevin J. Harrington, Esq. (*pro hac vice*)
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800 (Telephone)
(914) 686-4824 (Facsimile)
E-mail: kharrington@homlegal.com

*Co-Counsel to Han Benefit Advantage, Inc.*