| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Gregory S. Kinoian, Esq. (GK-7386)<br>Gregory Kinoian Law LLC<br>Tel:    (201) 741-6341<br>Email: gkinoian@gmail.com<br><br>Of Counsel to<br><br>Aboyoun Dobbs LLC<br>77 Bloomfield Avenue<br>Pine Brook, NJ 07058<br>Tel:    (973) 575-9600<br>Fax:    (973) 575-1925<br><br>*Counsel to Alleged Debtor,*<br>*Health Tech Harbor, Inc.* |

| | |
|---|---|
| In re:<br><br>**HEALTH TECH HARBOR, INC.,**<br><br>Alleged Debtor. | Involuntary Chapter 7<br><br>Case No. 20-19017 (RG) |

## ORDER AMENDING MEDIATION ORDER

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

The Court having held a status conference on June 21, 2021 regarding the Petitioning Creditors' *Motion for Immediate Entry of Order for Relief* (the "Motion")[1] (Docket No. 70), the *Alleged Debtor's Cross-Motion for Relief From That Certain Consent Order Approving Stipulation Resolving Motion to Dismiss Involuntary Petition (Dkt. 68) and for Certain Other Related Relief* (the "Cross-Motion") (Docket No. 85) filed by Health Tech Harbor, Inc. (the "Alleged Debtor"), the declarations filed by the Petitioning Creditors in support of the Motion and in opposition to the Cross-Motion (Docket No. 87); and *Han Benefit Advantage, Inc.'s Joinder to Petitioning Creditors' Application for Immediate Entry of Order for Relief and Their Opposition to Health Tech Harbor, Inc.'s Cross-Motion* (Docket No. 90) filed by Han Benefit Advantage, Inc. d/b/a BenAdvance ("BenAdvance"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, as amended on September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the relief set forth below is in the best interests of the Alleged Debtor, its estate and creditors and, after due deliberation and sufficient cause appearing therefore,

     IT IS HEREBY ORDERED that

     1.    The Mediation Order entered in this bankruptcy case at Docket No. 46 is modified to include BenAdvance in the mediation.

     2.    Paragraph 5 of the Mediation Order is modified to reflect that the parties will share the Mediator's fees for services as mediator in this case, going forward, as follows:

BenAdvance one-quarter (1/4); the Alleged Debtor one-quarter (1/4); the Petitioning Creditors one-quarter (1/4); DGN Pharmacy, Inc. d/b/a ("PRX") one-quarter (1/4).

3. BenAdvance has the same rights as the Petitioning Creditors to review any and all documents previously produced, and to be produced, by the Alleged Debtor and PRX to the Petitioning Creditors in the mediation, subject to an executed confidentiality agreement. Documents already provided by HTH and PRX to the Petitioning Creditors, as referenced during the June 21st status conference, are to be provided to BenAdvance.

4. BenAdvance will produce documents previously provided or made available to the Petitioning Creditors or other creditors in connection with settlement discussions.

5. BenAdvance will also produce to HTH and PRX the documents and information set forth in the last substantive paragraph of the July 8, 2021 letter from Kevin J. Harrington, Esq., counsel to BenAdvance, to Judge Gambardella filed as Docket No. 94. In addition, HTH and PRX shall provide BenAdvance with a list of documents and/or categories of documents they are seeking to be produced by BenAdvance, which shall be the same or substantially similar to the list given by the Petitioning Creditors' forensic accountants to HTH and PRX. BenAdvance shall have an opportunity to review such list and object to items on the list, shall negotiate objections in good faith, with the parties having the right to request the Court to resolve any open objections; documents and information from the list not subject to objection shall be produced on a rolling basis.

6. Documents being provided in mediation shall be shared with all parties.

7. The Petitioning Creditors consent to BenAdvance participating as a party in the mediation.

8. This Order shall be immediately effective and enforceable upon its entry.

9. The parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.