# Hellring Lindeman Goldstein & Siegal LLP
## COUNSELLORS AT LAW

BERNARD HELLRING (1916-1991)
JOEL D. SIEGAL ∆
MICHAEL EDELSON
MARGARET DEE HELLRING ∆
CHARLES ORANSKY ∆
ROBERT S. RAYMAR ∆
STEPHEN L. DREYFUSS ∆
PATRICIA A. STAIANO
BRUCE S. ETTERMAN ∆
MATTHEW E. MOLOSHOK ∆
DAVID N. NARCISO ∆
ROBERT B. ROSEN ∆
SHERYL E. KOOMER
CORINNE B. MALONEY ∆
CHRISTY L. SAALFELD ∆

∆ NJ & NY   + FL

ONE GATEWAY CENTER
NEWARK, NEW JERSEY 07102-5323
T: +1.973.621.9020  |  F: +1.973.621.7406

www.hlgslaw.com

JONATHAN L. GOLDSTEIN ∆ +
SPECIAL COUNSEL

JUDAH I. ELSTEIN ∆
JOHN A. ADLER ∆
OF COUNSEL

PHILIP LINDEMAN II (1925-2011)
RICHARD D. SHAPIRO (1944-2011)
DAVID LANDAU (1930-2022)

June 17, 2022

By ECF

Honorable Rosemary Gambardella
Judge, U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, New Jersey 07102

Re:   In Re: Health Tech Harbor, Inc.
      Case No. 20-19017 (RG)
      Hearing Date: June 21, 2022 at 10:00 a.m.

Dear Judge Gambardella:

This firm represents Benjamin A. Stanziale, Jr., Chapter 7 Trustee ("Trustee") for Health Tech Harbor, Inc. ("Debtor"). Please accept this letter memorandum in lieu of a more formal brief in response to the Objection ("Objection") of Creditor Ramachandra Malya ("Malya") and in further support of the Trustee's motion (the "Motion") for this Court to approve, pursuant to Fed. R. Bankr. P. 9019, the Trustee's settlement with DGN Pharmacy, Inc. d/b/a PersonalRX ("PRX") and Lawrence H. Margolis ("Margolis"). The underlying facts in support of this Motion were set forth in the previously filed Certifications of the Trustee, Margolis (CEO of PRX) ("Margolis Cert."), and Karl Knechtel, CPA ("Knechtel") (the Trustee's accountant) ("Knechtel Cert."). Knechtel has submitted a further Certification with this letter memorandum ("Knechtel Supp. Cert."), along with the Certification of Patricia A. Staiano ("Staiano Cert.") as to specific matters related to this response to the Objection. In addition,

Hellring Lindeman Goldstein & Siegal LLP

Honorable Rosemary Gambardella — 2 — June 17, 2022

Margolis has provided a supplemental certification regarding his current financial condition ("Margolis Supp. Cert. ") to the Trustee and to Malya, which will be submitted to Your Honor for <u>in camera</u> review upon the Court's request.[1]

## ADDITIONAL RELEVANT PROCEDURAL HISTORY

During the lengthy course of negotiation of the settlement, Trustee's counsel was in regular contact with counsel from Cullen and Dykman LLP, then counsel for Malya and various other creditors, regarding the progress and terms of the settlement for which the Trustee now seeks Court approval. Staiano Cert. para. 2. The Trustee, his professionals, Malya, and his then professionals also had a conference regarding the negotiations and terms of this settlement. Staiano Cert. para. 2. This Motion was then filed on May 10, 2022. After that, Trustee's counsel heard nothing from Malya or his counsel until June 10, 2022. At that time, Trustee's counsel was first contacted by Michael Dal Lago, Esq. ("Dal Lago"), who stated that he was Malya's new counsel (though no substitution had yet been filed[2]), that he wanted the hearing on the settlement motion adjourned, and that he wanted the Trustee to provide a vast array of documents. Staiano Cert. para. 3. (Trustee's counsel was advised in writing by PRX and Margolis's counsel in this action that this would, in fact, be Malya's fifth counsel relative to these matters: an attorney in Texas, then Cullen and Dykman's New Jersey office, then McCarter & English, then Cullen & Dykman's Long Island office, and then Dal Lago. Staiano Cert. para. 3) Trustee's counsel was advised in writing by PRX and Margolis's counsel that if the Trustee agreed to an adjournment, Genesis PRX Partners LLC ("Genesis"), which was funding the

---

[1] Margolis has advised that he wants to avoid any unnecessary public disclosure of his personal finances.
[2] Dal Lago filed a substitution of attorney on June 14, 2022. No other creditors joined Malya in changing counsel or objecting to the settlement.

**Hellring Lindeman Goldstein & Siegal** LLP

Honorable Rosemary Gambardella  - 3 -  June 17, 2022

settlement (and PRX in general), had advised that it would likely withdraw its support from the settlement.  Staiano Cert. para. 3.

On Monday, June 13, 2022, Trustee's counsel advised Dal Lago that Trustee would provide Dal Lago and Malya the financial information/documentation that the Trustee had received in this case regarding PRX once Dal Lago and Malya agreed that such information/documentation was subject to the Non-Disclosure Agreement ("NDA") subject to which Malya had already received substantial such materials in the course of the proceedings regarding the involuntary filing.  Staiano Cert. para. 4.  On June 15, 2022, Dal Lago and Malya agreed that the information/documentation provided by the Trustee would be subject to the NDA, and the information/documentation the Trustee had on PRX was provided.  Staiano Cert. para. 4.  The Trustee has acted expeditiously to meet Malya's demands for information/documentation.

**ARGUMENT**

The attack Malya's Objection levels against the settlement is that, in Malya's mind, enough was not done to discuss or pursue claims against Margolis.  His Objection fails to address the settlement with PRX almost at all.  In fact, the Trustee and his professionals did consider and review information relevant to a possible suit against Margolis in addition to suing PRX.  Also, Malya fails to consider that the settlement is an overall package, where removing a strand unravels the whole.  In the Trustee's business judgment, further efforts to pursue possible claims against Margolis were not worth the loss of the substantial overall settlement that the Trustee has achieved.

**Hellring Lindeman Goldstein & Siegal** LLP

Honorable Rosemary Gambardella   - 4 -         June 17, 2022

We ask the Court to consider the following:

As part of Trustee's accountant Knechtel's discussion in the Knechtel Cert. of PRX's generally abysmal overall financial circumstances, he concluded that PRX's ability to continue as a going concern required continuing infusion of capital from outside PRX. Knechtel Cert. para. 18, 20, 22. This infusion of capital was coming from Genesis. "The full investment by Genesis, including the source of the $1,800,000 settlement payment to be made by PRX to the HTH bankruptcy estate, will be contingent upon a final order being entered granting the Motion and approving the Settlement Agreement." Margolis Cert. para. 23. "…[I]f the Settlement Agreement is not approved,… the Genesis investment would fall through and PRX would be liable to Genesis for the amounts advanced to date…" Margolis Cert. para. 28. Further, "it appears that PersonalRX has limited tangible assets and that any intangible assets would likely have little to no value in a liquidation scenario, resulting in extremely limited recovery to unsecured creditors. Even under the most optimistic scenario, recovery from PRX may reach a few hundred thousand dollars, with debts exceeding $15 million overall, without consideration of the costs involved to obtain any recovery." Knechtel Supp. Cert. para. 10; Margolis Cert. para. 28 ("If PRX were to cease operations, it has little or no value and no material assets that could be liquidated.") Therefore, the Trustee reasonably concluded, as indicated in his moving papers, that absent this settlement any recovery from PRX would be very limited.

Thus, any possible claim against Margolis must be analyzed in the context of the Trustee's desire to preserve an imminent settlement payment of $1.8 million and the waiver and release of Margolis' claim against the Debtor of $828,582, which would all be lost upon rejection of the this settlement. In the first instance, seeking to further investigate, litigate and

**Hellring Lindeman Goldstein & Siegal** LLP

Honorable Rosemary Gambardella — - 5 - — June 17, 2022

collect upon any of Malya's argued potential claims against Margolis would clearly generate a robust defense, with substantial concomitant cost and delay. One only has to reference the proceedings arising from the filing of the involuntary petition until the Order for Relief was entered (and the failure to settle these issues even after undertaking substantial mediation efforts) in order to reach this conclusion. By contrast, approving the settlement comes with no litigation or collection cost or delay. Moreover, the claims suggested by Malya, such as securities law breaches, fraud and fraudulent transfer in this context would be complex and difficult to prove. Malya has not laid out the basis for any such claims and it is unclear whether they would even be viable.

We note that of the $7.7 million loaned by the Debtor to PRX, it would appear that over the four year period from 2017 to 2020 a total of less than $900,000 in the aggregate (or an average of less than $225,000 per year) was ultimately utilized to repay Margolis loans, pay Margolis expenses, provide distributions to Margolis and the like, rather than Margolis' receipt of a salary. Knechtel Supp. Cert. para. 8. The balance of the $7.7 million from the Debtor appears ultimately to have been utilized to pay down and service unrelated PRX debt (including trade creditors), for operating expenses, and for certain software development costs. Knechtel Supp. Cert. para. 9, 10.

In addition to the loss of the significant settlement in hand, weighed against the delay, cost and uncertainty of further pursuing Margolis, the Trustee had to consider the likely uncollectability of any significant judgment that might be obtained against Margolis. As pointed out in the Margolis Supp. Cert., Margolis has no significant unencumbered assets and would

**Hellring Lindeman Goldstein & Siegal** LLP

Honorable Rosemary Gambardella — 6 — June 17, 2022

likely be judgment-proof with respect to any judgment even approaching the number provided by the settlement.

Further, the title search obtained by the Trustee shows that Margolis owns his home as tenants by the entireties with his wife and that there are three mortgages of record against the home, two $750,000 mortgages and one for $1 million, or a total of $2.5 million. See EPTL [sec] 6-2.2(b) (transfer of real estate stated to be to husband and wife is held as tenants by entireties unless specifically stated to the contrary); the salient portions of the title search are attached as Exhibit A to the Staiano Cert., as the entire document is 65 pages (the full search results were sent to Malya's counsel, Dal Lago, on June 13. Staiano Cert. para. 5). Trustee's counsel obtained an estimate of an approximately $2.4 million value for the home from the internet. Staiano Cert., Exhibit B. Further, the first $179,975[3] in value above liens and encumbrances on the property is also exempt from judgments under New York law. CPLR 5206. Moreover, a judgment creditor must commence a separate action against the judgment debtor to in order to sell the "homestead" to recover on the judgment. CPLR 5206(e).

Putting aside that Margolis' house appears to have relatively limited, if any, equity, particularly considering costs of sale and the homestead exemption, Margolis' wife's "tenants by the entireties interest" is a substantial impediment to realizing value from the home. The Trustee as a judgment creditor could seek the sale of Margolis' interest in the home, but the buyer would only get a tenants in common interest subject to Margolis' wife's survivorship rights, such that if Margolis were to die first the purchaser at a sale would

---

[3] This amount adjusts upwards above the original statutory amount every three years. CPLR 5253.

Hellring Lindeman Goldstein & Siegal LLP

Honorable Rosemary Gambardella — - 7 - — June 17, 2022

get nothing. Moreover, the Trustee would need to establish the value of Margolis' limited entireties interest in order to proceed. See, e.g., Sklar v. Gestetner, 190 A.D.3d 750, 751-752, 135 N.Y.S.3d 906, 907 (2d Dept. 2021). Thus, based on the foregoing, the Trustee reasonably believes that he does not have the ability to collect any meaningful judgment against Margolis' residence. In the Trustee's business judgment, it was imprudent to gamble away an imminent $1.8 million recovery and the waiver of Margolis' $828,000 claim by seeking a potential recovery on an uncertain claim against Margolis, that would, at best, require substantial cost and delay to obtain, and that was likely largely, if not totally, uncollectible.

## CONCLUSION

As a result of the foregoing, the Trustee believes that the settlement is fair and equitable and falls well within the range of reasonableness. The Trustee, in his business judgment, believes that it is in the best interests of the Estate. Thus, the Trustee respectfully requests that the Court approve the proposed settlement.

Respectfully submitted,

/s/ Patricia A. Staiano

Patricia A. Staiano

PAS:bmj

cc:   All parties on Certification of Service

342217