| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>HELLRING LINDEMAN GOLDSTEIN<br>  & SIEGAL LLP<br>Patricia A. Staiano, Esq.<br>Attorneys for Benjamin A. Stanziale, Jr.,<br>  Chapter 7 Trustee for Health Tech Harbor, Inc.<br>One Gateway Center<br>Newark, New Jersey 07102-5323<br>973.621.9020<br>pstaiano@hlgslaw.com | |
| In Re:<br><br>HEALTH TECH HARBOR, INC.,<br><br>                 Debtor. | Case No. 20-19017 (RG)<br><br>Honorable Rosemary Gambardella<br><br>Chapter 7<br><br>Hearing Date:  June 21, 2022<br>                      at 10:00 a.m. |

CERTIFICATION OF PATRICIA A. STAIANO
IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER
APPROVING SETTLEMENT AND FOR RELATED RELIEF

PATRICIA A. STAIANO, of full age, hereby certifies as follows:

1. I am a member of the firm of Hellring Lindeman Goldstein & Siegal LLP, attorneys for Benjamin A. Stanziale, Jr., Chapter 7 Trustee ("Trustee") for Health Tech Harbor, Inc. ("Debtor"). I submit this Certification in support of the Trustee motion for an order, pursuant to Fed. R. Bankr. P. 9019, approving the Trustee settlement with DGN Pharmacy, Inc. d/b/a PersonalRX ("PRX") and Lawrence H. Margolis (CEO of PRX) ("Margolis"), and in response to the sole Objection, filed by Ramachandra Malya ("Malya"), to approval of that settlement.

2. During the lengthy course of negotiation of the settlement, I was in regular contact with counsel from Cullen and Dykman LLP, then counsel for Malya and various other

creditors, regarding the progress and terms of the settlement for which the Trustee now seeks Court approval. The Trustee, his professionals, Malya, and his then professionals also had a conference regarding the negotiations and terms of this settlement. This Motion was then filed on May 10, 2022.

3. After that, Trustee's counsel heard nothing from Malya or his counsel until June 10, 2022. At that time, I was first contacted by Michael Dal Lago, Esq. ("Dal Lago"), who stated that he was Malya's new counsel (though no substitution had yet been filed[1]), that he wanted the hearing on the settlement motion adjourned, and that he wanted the Trustee to provide a vast array of documents. (I was advised in writing by PRX and Margolis's counsel in this action that this would, in fact, be Malya's fifth counsel relative to these matters: an attorney in Texas, then Cullen and Dykman's New Jersey office, then McCarter & English, then Cullen & Dykman's Long Island office, and then Dal Lago.) I was advised in writing by PRX and Margolis's counsel that if the Trustee agreed to an adjournment, Genesis PRX Partners LLC ("Genesis"), which was funding the settlement (and from our understanding PRX in general), had advised that it would likely withdraw its support from the settlement.

4. On Monday, June 13, 2022, I advised Dal Lago that Trustee would provide Dal Lago and Malya the financial information/documentation that the Trustee had received in this case regarding PRX once Dal Lago and Malya agreed that such information/documentation was subject to the Non-Disclosure Agreement ("NDA") subject to which Malya had already received substantial such materials in the course of the proceedings regarding the involuntary filing. On June 15, 2022, Dal Lago and Malya agreed that the

---

[1] Dal Lago filed a substitution of attorney on June 14, 2022. No other creditors joined Malya in changing counsel or objecting to the settlement.

2

information/documentation provided by the Trustee would be subject to the NDA, and the information/documentation the Trustee had on PRX was provided to them.

5. Attached as Exhibit A is a copy of the salient portions of the title search on Margolis' and his wife's residence at 8 Orchard Drive, Purchase, New York, as the entire document is 65 pages. The full search results were sent to Malya's counsel, Dal Lago, on June 13.

6. Attached as Exhibit B is the estimate of value for Margolis' residence at 8 Orchard Drive, Purchase, New York that we obtained on the internet on June 14, 2022.

I certify under penalty of perjury that the foregoing information is true and correct.

Dated: June 17, 2022

/s/ Patricia A. Staiano
PATRICIA A. STAIANO

342189