# EXHIBIT A

SA- 113428-wx

## BARGAIN AND SALE DEED

### CORRECTIO DEED

**THIS INDENTURE**, made as of the 15th day of January 2015

**BETWEEN**

>   **TONE VUKSANAJ**, residing at:
>   8 Orchard Drive
>   Purchase, NY 10577

party of the first part, and

>   **LAWRENCE H. MARGOLIS and PAULETTE MARGOLIS,**
>   as husband and wife, residing at:
>   15 Oak Valley Lane
>   Purchase, NY 10577

party of the second part,

**WITNESSETH**, that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

Being and intended to be the same premises conveyed to the grantor, TONE VUKSANAJ, by deed dated 4/1/2009 and recorded 11/12/10 in Control # 501533042 in the Clerk's Office of Westchester County.

**SAID PREMISES** being known as and by street address **8 ORCHARD DRIVE, PURCHASE, NY**

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; **TOGETHER** with the appurtenances and all the estate and rights of the party of the first part in and to said premises; **TO HAVE AND TO HOLD** the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

**AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF**, the party of the first part has duly executed this deed the day and year first above written.

**IN PRESENCE OF:**

SA - 11401
BIK 4YL
Lot 20

8

**RECORDATION REQUESTED BY:**
Freedom Bank
Main Branch
99 West Essex Street, 2nd Floor
Maywood, NJ 07607

**WHEN RECORDED MAIL TO:**
Freedom Bank
99 West Essex Street, 2nd Floor
Maywood, NJ 07607

_____ FOR RECORDER'S USE ONLY

## MORTGAGE

INDEX. The following index is for convenience purposes only and is not to be used to interpret or to define any provisions of this Security Instrument.

1. DEFINITIONS
   (A) Borrower
   (B) Credit Agreement
   (C) Existing Indebtedness
   (D) Lender
   (E) Owner
   (F) Property
   (G) Related Documents
   (H) Security Instrument
   (I) Sums Secured
2. OWNER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY
3. DESCRIPTION OF THE PROPERTY
4. OWNER'S RIGHT TO MORTGAGE THE PROPERTY AND OWNER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY
5. OWNER'S PROMISE TO PAY
6. OWNER'S OBLIGATION TO PAY CHARGES, ASSESSMENTS AND CLAIMS
7. NO CLAIM FOR CREDIT FOR TAXES
8. EXISTING INDEBTEDNESS
   (A) Existing Lien
   (B) No Modification
9. OWNER'S OBLIGATION TO MAINTAIN HAZARD INSURANCE
10. OWNER'S OBLIGATION TO MAINTAIN THE PROPERTY
11. LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY; MORTGAGE INSURANCE
12. POSSESSION AND USE
13. LENDER'S RIGHT TO INSPECT THE PROPERTY
14. AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY
15. CONTINUATION OF OWNER'S OBLIGATIONS AND OF LENDER'S RIGHTS
    (A) Owner's Obligations
    (B) Lender's Rights
16. OWNER'S OBLIGATIONS AND THOSE OF PERSONS TAKING OVER OWNER'S OBLIGATIONS
17. LOAN CHARGES
18. LEGISLATION AFFECTING LENDER'S RIGHTS
19. NOTICES REQUIRED UNDER THIS SECURITY INSTRUMENT
20. LAW THAT GOVERNS THIS SECURITY INSTRUMENT
21. CHOICE OF VENUE
22. OWNER'S COPY
23. AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED
24. DEFAULT
25. LENDER'S RIGHTS UPON DEFAULT
    (A) Accelerate Payment
    (B) Lender In Possession
    (C) Judicial Foreclosure
    (D) Nonjudicial Sale
    (E) My Payment of Rent
    (F) Deficiency Judgment
    (G) Election of Remedies
    (H) Attorneys' Fees; Expenses
26. LENDER'S OBLIGATION TO DISCHARGE THIS SECURITY INSTRUMENT
27. MISCELLANEOUS PROVISIONS
    (A) Amendments
    (B) Merger
    (C) Time is of the Essence
    (D) Waivers and Consents

1. DEFINITIONS. The following words are used often in this document. When they are used, they will have the following meanings:

(A) Borrower. LAWRENCE MARGOLIS and PAULETTE MARGOLIS and all other persons and entities signing the Credit Agreement will sometimes be called "Borrower".

(B) Credit Agreement. The words "Credit Agreement" mean the credit agreement dated 3/19/2015 and signed by Borrower with a credit limit of $750,000.00. The words "Credit Agreement" include all renewals of,

Loan No: 1100000935

**MORTGAGE**
(Continued)

Page 2

---

extensions of, modifications of, and substitutions for the credit agreement. The maturity date of this Security Instrument is January 12, 2040. Specifically, without limitation, this Security Instrument secures a revolving line of credit, under which Lender may make advances to Borrower so long as Borrower complies with all the terms of the Credit Agreement. **NOTICE TO OWNER: THE CREDIT AGREEMENT CONTAINS A VARIABLE INTEREST RATE.**

(C) **Existing Indebtedness.** The words "Existing Indebtedness" mean the indebtedness described in the Existing Liens provision of this Security Instrument.

(D) **Lender.** Freedom Bank will be called "Lender."

(E) **Owner.** LAWRENCE MARGOLIS and PAULETTE MARGOLIS sometimes will be called "Owner" and sometimes simply "I" or "me."

(F) **Property.** The property that is described in the section titled "DESCRIPTION OF THE PROPERTY" will be called the "Property".

(G) **Related Documents.** All promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Sums Secured will be called "Related Documents".

(H) **Security Instrument.** This mortgage document will also be called the "Security Instrument."

(I) **Sums Secured.** The amounts described below in the section titled "OWNER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY" sometimes will be called the "Sums Secured." The lien of this Security Instrument will not exceed at any one time the principal amount of $750,000.00, plus accrued interest, payments made by Lender for taxes and insurance, and any other payments made by Lender as provided for in this Security Instrument.

THIS MORTGAGE IS DATED March 19, 2015, BETWEEN LAWRENCE MARGOLIS, whose address is 15 OAK VALLEY LANE, PURCHASE, NY 10577 and PAULETTE MARGOLIS, whose address is 15 OAK VALLEY LANE, PURCHASE, NY 10577 (sometimes below will be called "Owner," "Borrower," "I," or "me"); and Freedom Bank, whose address is Main Branch, 99 West Essex Street, 2nd Floor, Maywood, NJ 07607 (sometimes below will be called "Lender").

2. **OWNER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY.** I mortgage, grant and convey to Lender the Property, subject to the terms of this Security Instrument, to have and to hold all of the Property to Lender, and to its successors and assigns, forever. This means that, by signing this Security Instrument, I am giving Lender those rights that are stated in this Security Instrument and also those rights that the law gives to lenders who hold mortgages on real property. Those rights that the law gives to lenders who hold mortgages on real property include those rights known as "Mortgage Covenants." I am giving Lender these rights to protect Lender from possible losses that might result if I fail to do any of the following:

(A) Pay all the amounts that I owe Lender as stated in the Credit Agreement;

(B) Pay, with interest, any amounts that Lender spends under this Security Instrument to protect the value of the Property and Lender's rights in the Property; and

(C) Keep all of my other promises and agreements under this Security Instrument.

3. **DESCRIPTION OF THE PROPERTY.** I mortgage, grant and convey to Lender the Property described in (A) through (I) below.

(A) This Property is located in **WESTCHESTER** County, State of New York:

See Schedule A, which is attached to this Security Instrument and made a part of this Security Instrument as if fully set forth herein.

The Real Property or its address is commonly known as 8 ORCHARD DRIVE, PURCHASE, NY 10577.

(B) All buildings and other improvements that are located on the Property described in subparagraph (A) of this section;

(C) All rights in other property that I have as owner of the Property described in subparagraph (A) of this section. These rights are known as "easements, rights and appurtenances attached to the Property;"

(D) All rents and royalties from the Property described in subparagraph (A) of this section;

(E) All mineral, oil and gas rights and profits, water rights and stock that are part of the Property described in subparagraph (A) of this section;

(F) All rights that I have in the land which lies in the streets or roads in front of, or next to, the Property described in subparagraph (A) of this section;

(G) All fixtures that are now or in the future will be on the Property described in subparagraphs (A) and (B) of this section;

(H) All of the rights and property described in subparagraphs (B) through (G) of this section that I acquire in the future; and

(I) All replacements of or additions to the Property described in subparagraphs (B) through (I) of this section.

4. **OWNER'S RIGHT TO MORTGAGE THE PROPERTY AND OWNER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY.** I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender

SA-114097
BLK 642
Lot 20

# MORTGAGE
(Participation)

This mortgage made and entered into this __8__ day of April, 2015, by and between

LAWRENCE H. MARGOLIS AND PAULETTE MARGOLIS, Husband and Wife
8 ORCHARD DRIVE, PURCHASE, NY 10577

(hereinafter referred to as mortgagor) and

LIVE OAK BANKING COMPANY

(hereinafter referred to as mortgagee), who maintains an office and place of business at 1741 Tiburon Drive, Wilmington, North Carolina 28403.

WITNESSETH, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property commonly known as 8 Orchard Drive, Purchase, New York 10577, and being more particularly described on Exhibit A attached hereto.

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

The above-described property is currently subject to that certain mortgage granted by Mortgagor in favor of Freedom Bank dated March 19, 2015 securing the original principal amount of $750,000.00.

The mortgagor covenants that Borrower is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds herself and her successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the unconditional limited guarantee of PAULETTE MARGOLIS and the unconditional guarantee of LAWRENCE H. MARGOLIS of a promissory note dated of even date herewith in the principal sum of $1,000,000.00 being signed by Lawrence H. Margolis as President of DGN Pharmacy Inc in favor of Mortgagee for SBA Loan No. PLP 74824450-09.

Said promissory note was given to secure a loan in which the Small Business Administration, an agency of the United States of America, has participated. In compliance with section 101.1(d) of the Rules and Regulations of the Small Business Administration [13 C.R.F. 101.1(d)], this instrument is to be construed and enforced in accordance with applicable Federal law.

1. The mortgagor covenants and agrees as follows:

    a. Borrower will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

    b. Borrower will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the said mortgagee.

    c. Borrower will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said property. Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor.

    d. For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, Borrower shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by

9329687 v1

PREMISES: 8 Orchard Road
Purchase, New York
Block: 642
Lot: 20
Town: Harrison
County: Westchester
State: New York

---

# MORTGAGE

by and between

**LAWRENCE MARGOLIS and PAULETTE MARGOLIS,**
as Mortgagor

and

**KAJAM REALTY, LLC,**
as Mortgagee

Dated: as of October 7, 2016

---

Record and Return to:

Kevin P. Galvin, Esq.
Schiller & Pittenger, P.C.
1771 Front Street
Scotch Plains, New Jersey 07076

MORTGAGE  5A - 115816-WR

THIS MORTGAGE (hereinafter as amended, modified, extended and supplemented shall be referred to as the "Mortgage"), is made as of this 7th day of October 2016, by and between

**LAWRENCE MARGOLIS AND PAULETTE MARGOLIS**, whose address is 8 Orchard Drive, Purchase, New York 10577 (collectively, the "Mortgagor")

AND

**KAJAM REALTY, LLC**, a limited liability company under the laws of the State of New Jersey, whose address is 45 South Park Place, Morristown, New Jersey 07960 (hereinafter referred to as the "Mortgagee").

WITNESSETH:

WHEREAS, pursuant to a certain Mortgage Note dated of even date herewith in the aggregate principal amount of Five Hundred Thousand and 00/100 ($500,000.00) Dollars lawful money of the United States of America (hereinafter said Note, including any and all amendments, modifications, supplements, renewals and extensions, if any, shall be referred to as the "Note"), the Mortgagee has agreed to make a commercial loan to DGN Pharmacy Inc., a New Jersey corporation (the "Borrower") in the principal amount of the Note for the purposes described in the Note (hereinafter referred to as the "Loan"); and

WHEREAS, pursuant to the Agreement of Guaranty dated of even date herewith executed by the Mortgagor and delivered to the Mortgagee (the "Guaranty"), the Mortgagor has, on a joint and several basis, unconditionally guaranteed the full and prompt payment and performance of all obligations owing from the Borrower to the Mortgagee; and

WHEREAS, this Mortgage is given and made by the Mortgagor to the Mortgagee as security for (i) the repayment of the indebtedness of the Mortgagor owing to the Mortgagee under the Guaranty; (ii) the performance of the terms, conditions and covenants of the Borrower set forth in the Note; and (iii) all obligations and indebtedness of every kind and description of the Mortgagor to the Mortgagee.

NOW, THEREFORE, in order to induce the Mortgagee to make the Loan to the Borrower and to secure the payment of the obligations owing from the Mortgagor to the Mortgagee under the Guaranty, and to secure the performance by the Mortgagor of all of its other obligations and covenants pursuant to the Guaranty and the Note, and to assure payment of all other indebtedness, monetary obligations, liabilities and duties of any kind of the Mortgagor, whether now existing or hereafter incurred, direct or indirect, absolute or contingent, joint or several, due or not due, liquidated or not liquidated, howsoever arising, the Mortgagor has mortgaged, given, granted, released, assigned, transferred and set over unto the Mortgagee, and by these presents does hereby mortgage, give, grant, release, assign, transfer and set over unto the Mortgagee, its successors and assigns forever, the following described property and rights:

**Premises Are Improved By A One Or Two Family Dwelling On-**

# MORTGAGE MODIFICATION AGREEMENT
dated as of March 31, 2017

(this "Modification Agreement")

BY AND BETWEEN

**LAWRENCE MARGOLIS AND PAULETTE MARGOLIS**, whose address is 8 Orchard Drive, Purchase, New York 10577 (collectively, the "Mortgagor")

AND

**KAJAM REALTY, LLC**, a limited liability company under the laws of the State of New Jersey, whose address is 45 South Park Place, Morristown, New Jersey 07960 (hereinafter referred to as the "Mortgagee").

WITNESSETH:

WHEREAS, the Mortgagee is the owner and holder of the mortgage(s) described in Exhibit A annexed hereto and made a part hereof (hereinafter collectively referred to as the "Existing Mortgage"), and of the note secured thereby (hereinafter referred to as the "Existing Note"); and

WHEREAS, the Existing Mortgage is a lien upon the property described in Schedule A annexed hereto and made a part hereof (which is described in this Mortgage as the "Mortgaged Property"); and

WHEREAS, there is now due and owing on the Existing Note and the Existing Mortgage the principal sum of **Five Hundred Thousand and 00/100 ($500,000.00) Dollars** with interest thereon; and

WHEREAS, the Mortgagee and the Mortgagor have agreed to increase the loan by $250,000.00; and

WHEREAS, the Mortgagee and the Mortgagor have agreed to amend and restate the Existing Note to be evidenced by an amended and restated mortgage note of the Mortgagor, in the principal amount of **Seven Hundred Fifty Thousand and 00/100 ($750,000.00) Dollars** dated the date hereof (the "Restated Note"), the Restated Note to be secured by the Existing Mortgage on the Mortgaged Property in such amount on the terms and conditions hereinafter set forth in this Modification Agreement; and

WHEREAS, pursuant to the Restated Note, the parties have amended and restated the terms of the Existing Note and have secured the same by the Existing Mortgage as modified pursuant to the terms hereof (the term "Note" hereinafter means and refers to the

1

Restated Note and as the same may hereafter, from time to time, be extended, amended, modified, restated or superseded); and

WHEREAS, the Mortgagee, the owner and holder of the Restated Note and the Existing Mortgage, and the Mortgagor, the owner in fee simple of the Mortgaged Property, have mutually agreed to modify the terms of the Existing Mortgage to conform to the terms hereof and to increase the lien of the Existing Mortgage so that it shall constitute in law but one mortgage and a single unified lien upon the property described therein and herein securing the Note in the aggregate principal sum of **Seven Hundred Fifty Thousand and 00/100 ($750,000.00) Dollars** (the Existing Mortgage, as modified by this Modification Agreement shall be referred to as the "Mortgage");

**NOW, THEREFORE**, in pursuance of said agreement and in consideration of the sum of ONE DOLLAR and other valuable consideration each to the other in hand paid, receipt of which is hereby acknowledged, the parties hereto mutually covenant and agree as follows:

1.  **Principal Amount Outstanding.** The Mortgagor covenants and agrees that the outstanding principal sum of **Seven Hundred Fifty Thousand and 00/100 ($750,000.00) Dollars** is due and owing on the Restated Note and the Mortgage as of the date hereof, without offset, defense or counterclaim, all of which are expressly waived by the Mortgagor.

2.  **Modification of Mortgage And Other Loan Documents.** The Mortgage and the other Loan Documents are hereby modified to secure (i) the Restated Note, and (ii) all interest, indebtedness, obligations and liabilities of the Mortgagor to the Mortgagee as set forth in the Restated Note.

3.  **Modification to Other Loan Documents.** All of the Loan Documents are hereby modified as follows: (i) whenever the term "Note" or "Promissory Note" is used, same shall be deemed to refer to the Restated Note, and (ii) whenever the sum of "$500,000.00" is referenced in the Loan Documents, same shall be deleted and replaced with the sum of "$750,000.00".

4.  **References**. Whenever in the Loan Documents reference is made to the "Mortgage", the same shall mean the Mortgage, as modified and amended by this Modification Agreement and as may hereafter be modified or amended. Unless otherwise specified herein (i) words importing any gender include the other gender and (ii) the words "include" or "including" or words of similar import, shall be deemed to be followed by the words "but not limited to" or "without limitation." The terms "Owner" and "Mortgagor" as used in the Mortgage, the Restated Note or this Modification Agreement, shall be interchangeable and shall refer to the "Mortgagor", as defined in this Agreement.

2