| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>DAL LAGO LAW<br>Michael R. Dal Lago<br>Attorney for Creditor Ramachandra Malya<br>2 University Plaza<br>Suite 100<br>Hackensack, NJ 07601<br>201-655-8414<br>mike@dallagolaw.com | |
| In Re:<br><br>HEALTH TECH HARBOR, INC.<br><br>             Debtor. | Case No. 20-19017 (RG)<br><br>Honorable Rosemary Gambardella<br><br>Chapter 7<br><br>Hearing Date: June 28, 2022<br>                 at 10:00 a.m. |

**RAMACHANDRA MALYA'S SUPPLEMENT TO
OBJECTION TO MOTION FOR ENTRY OF AN ORDER
<u>APPROVING SETTLEMENT AND FOR RELATED RELIEF</u>**

Creditor Ramachandra Malya (the "Creditor"), by and through the undersigned legal counsel, pursuant to section 105(a) of Title 11 of the United States Code ("Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (each a "Bankruptcy Rule" and, jointly and collectively, "Bankruptcy Rules"), files this supplement ("Supplement") to his Objection to Motion for Entry of an Order Approving Settlement and for Related Relief (Docket No. 139) ("Objection") and, as grounds therefor, respectfully states as follows:

<u>**JURISDICTION**</u>

1.     The United States District Court for the District of New Jersey ("Court") is the proper venue for the above-captioned Chapter 7 bankruptcy case ("Case") pursuant to 28 U.S.C. § 110, 1408(1), and 1409(a). Consideration of the Objection is a core proceeding pursuant to 28

U.S.C. § 157(b). The statutory predicates for the relief requested herein include Bankruptcy Code section 105(a) and Bankruptcy Rule 9019.

## BACKGROUND

2. The Creditor respectfully refers the Court to the following (i) the Objection, (ii) the Declaration in Support of Creditor Ramachandra Malya's Objection to Motion for Entry of an Order Approving Settlement and for Related Relief (Docket No. 143) ( "Declaration") that was signed by Lance Friedman, and (iii) the initial hearing that took place on June 21, 2022 at 10:00 am ("Hearing") on the Motion for Entry of an Order Approving Settlement and for Related Relief (Docket No. 131), all of which the Creditor incorporates by reference as though set forth herein in its entirety.

3. Based on the arguments raised at the hearing, the Court permitted a limited deposition of Mr. Lawrence H. Margolis ("Margolis"). The Court limited the scope of the deposition to questions concerning Mr. Margolis' assets and any purported transfers of same.

4. On June 23, 2022, the Creditor filed his Notice of Deposition (Docket No. 144), pursuant to which the Creditor noticed a deposition by oral examination of Margolis on June 24, 2022 (the "Deposition").

5. In accordance with this Court's instructions, Creditor deposed Mr. Margolis at the Deposition. The Creditor is satisfied with all but one response that Mr. Margolis gave to the Creditor's limited questions.

6. Specifically, the Creditor asked Mr. Margolis about the value of his ownership interest in PRX. It is clear that this asset has a value; in fact, Genesis PRX Partners LLC ("Genesis") is investing Ten Million and 00/100 Dollars ($10,000,000.00) in PRX.

7.     The best metric to determine the value of Mr. Margolis' ownership interest would be to extrapolate the amount of ownership interest Genesis would be receiving in exchange for $10M.  When Creditor asked for this figure, Mr. Margolis was directed not to answer.

8.     Thus, the Creditor—as well as this Court—are being left in the dark about the true value of PRX and why settlement is in the best interest of the estate.

9.     The Creditor understands that the Trustee is relying on PRX's books and records to determine its value.  The Creditor further understands that PRX's books and records illustrate that PRX has little to no value.  The Creditor is merely arguing that a much better way to determine the value of PRX is by way of knowing what a person/entity is willing to pay for PRX. This is a very basic economic rule, and the Court clearly has the information available to it vis-à-vis the terms of the Genesis deal.

10.    The Creditor and the Court cannot evaluate the wisdom of a settlement releasing PRX from all claims without determining what percentage of PRX's outstanding voting securities is worth Ten Million and 00/l00 Dollars ($10,000,000.00).  Moreover, the Court cannot evaluate the wisdom of a settlement without understanding how much can be collected from Margolis, and how the sale of certain PRX voting securities would impact collectability.  .

11.    Accordingly, and for the foregoing reasons, sustaining the Objection is appropriate to carry out the Bankruptcy Code's terms.  The relief requested herein does not contravene the Bankruptcy Code's terms.  Accordingly, the Court should sustain the Objection.

WHEREFORE, for the reasons stated herein, the Creditor respectfully requests entry of an order: (i) sustaining the Objection; (ii) denying the Motion; and (iii) granting the Creditor such other and further relief as the Court deems just and proper.

**Dated**:  June 27, 2022                          Respectfully submitted,

                                                           **DAL LAGO LAW**

                                                           By: */s/ Michael R. Dal Lago*
                                                           Michael R. Dal Lago
                                                           2 University Plaza
                                                           Suite 100
                                                           Hackensack, NJ 07601
                                                           Email: mike@dallagolaw.com

                                                           *Counsel for Ramachandra Malya*