# Hellring Lindeman Goldstein & Siegal LLP
## COUNSELLORS AT LAW

BERNARD HELLRING (1916-1991)
JOEL D. SIEGAL ∆
MICHAEL EDELSON
MARGARET DEE HELLRING ∆
CHARLES ORANSKY ∆
ROBERT S. RAYMAR ∆
STEPHEN L. DREYFUSS ∆
PATRICIA A. STAIANO
BRUCE S. ETTERMAN ∆
MATTHEW E. MOLOSHOK ∆
DAVID N. NARCISO ∆
ROBERT B. ROSEN ∆
SHERYL E. KOOMER
CORINNE B. MALONEY ∆
CHRISTY L. SAALFELD ∆

∆  NJ & NY   + FL

ONE GATEWAY CENTER
NEWARK, NEW JERSEY 07102-5323
T: +1.973.621.9020   |   F: +1.973.621.7406

www.hlgslaw.com

JONATHAN L. GOLDSTEIN ∆ +
SPECIAL COUNSEL

JUDAH I. ELSTEIN ∆
JOHN A. ADLER ∆
OF COUNSEL

PHILIP LINDEMAN II (1925-2011)
RICHARD D. SHAPIRO (1944-2011)
DAVID LANDAU (1930-2022)

June 27, 2022

By ECF

Honorable Rosemary Gambardella
Judge, U.S. Bankruptcy Court
50 walnut Street, 3rd Floor
Newark, New Jersey  07102

Re:   In Re:  Health Tech Harbor, Inc.
      Case No. 20-19017(RG)
      Hearing Date:  June 28, 2022 at 10:00 a.m.

Dear Judge Gambardella:

This firm represents Benjamin A. Stanziale, Jr., Chapter 7 Trustee ("Trustee") for Health Tech Harbor, Inc. ("Debtor").  Please accept this letter memorandum in lieu of a more formal brief in response to the June 27, 2022 Supplement to Objection ("Supp. Objection") of Creditor Ramachandra Malya ("Malya") and in further support of the Trustee's motion (the "Motion") for this Court to approve, pursuant to Fed. R. Bankr. P. 9019, the Trustee's settlement with DGN Pharmacy, Inc. d/b/a PersonalRX ("PRX") and Lawrence H. Margolis ("Margolis").

Malya's new argument is that the settlement should not be approved because Malya and the Court "cannot evaluate" the value of PRX and Margolis's interest in PRX based on the $10,000,000 investment that Genesis PRX Partners, LLC ("Genesis") intended to make in PRX over time subject to various conditions.  This argument is flawed in two respects: first, if

**Hellring Lindeman Goldstein & Siegal LLP**

Honorable Rosemary Gambardella      - 2 -      June 27, 2022

this settlement is not approved, there will be no further Genesis investment; and, second, Genesis' intent to invest money over time in hopes of creating significant value in the future is no reasonable basis for the Trustee to determine what PRX is worth now for purposes of settlement as opposed to the $1.8 million cash already "on the table."

The original Margolis Certification in support of the approval motion ("Margolis Cert.") makes clear that if this settlement is not approved, Genesis will walk away and the Trustee will be left with little recourse, rather than the $1.8 million the Trustee has now obtained by way of this settlement:

> …Pursuant to the terms of the Genesis LOI, Genesis intends to make what ultimately is to be a $10,000,000 investment in PRX. As of the date of this Certification, Genesis has already made initial investments in PRX to help cover PRX's operating costs, among other things. Genesis' commitment to fund PersonalRX is contingent on the vast majority of their funding being utilized to build the business. <u>The full investment by Genesis, including the source of the $1,800,000 settlement payment to be made by PRX to the HTH bankruptcy estate, will be contingent upon a final order being entered granting the Motion and approving the Settlement Agreement.</u>

Margolis Cert., para. 23 (emphasis added).

> Furthermore, if the Settlement Agreement is not approved, (a) the Genesis investment would fall through and PRX would be liable to Genesis for the amounts advanced to date,….

Margolis Cert., para. 28. Thus, no $10,000,000 infusion of capital exists without this settlement.

Moreover, even if it had not been established that Genesis' investment was contingent on the conclusion of this settlement, this intended $10,000,000 capital infusion over time is simply not a reasonable basis for determining what PRX, or Margolis' interest in PRX, is worth today. In fact, the Trustee's accountants' review evidences that even after the initial Genesis investment, as of today PRX's value as a whole (let alone Margolis' stock interest) is

**Hellring Lindeman Goldstein & Siegal** LLP

Honorable Rosemary Gambardella      - 3 -      June 27, 2022

quite limited--maybe a few hundred thousand dollars optimistically, not even considering PRX's many millions of dollars in debt having nothing to do with the Debtor. See, e.g., Supplemental Certification of Karl Knechtel, para. 10 ("Knechtel Supp. Cert."). Malya essentially concedes this. Supp. Objection, para. 9. Further, most of the past infusion of about $7.7 million from the Debtor's loan was used to pay or service past debt or for ongoing operating expenses, as the Debtor is always losing money. Knechtel Supp. Cert., para. 9-10; Certification of Karl Knechtel, para. 13. Thus, as noted, despite infusions of cash to date, PRX's current value is very limited. Just because an investor that may well have large sums of cash at its disposal and a high tolerance for risk is willing to "take a flyer" on an investment in PRX in the hopes that someday maybe five or more years down the road PRX may yield significant value, is no basis for the Trustee or this Court to value PRX now and to weigh such a valuation against the prompt payment of $1.8 million and the waiver of an $828,000 claim.

        The Court should further consider that the Trustee has repeatedly suggested to Malya that if he believes the proposed settlement of $1.8 Million (plus the waiver of Margolis $828,000 claim) is an insufficient possible recovery from PRX and Margolis, Malya should buy the claim from the Trustee if he thinks PRX is so valuable. Malya has repeatedly rejected the Trustee's offer to purchase the claim.

**Hellring Lindeman Goldstein & Siegal** LLP

Honorable Rosemary Gambardella — 4 — June 27, 2022

The Trustee thus respectfully requests that the Court reject Malya's Objection and Supp. Objection, and approve the proposed settlement now.

                Respectfully submitted,

                /s/ Patricia A. Staiano

                Patricia A. Staiano

PAS:bmj

cc:    All parties on Certification of Service

342555