|  |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**GENOVA BURNS, LLC**<br>110 Allen Rd., Ste. 304<br>Basking Ridge, New Jersey 07920<br>Phone: (973) 533-0777<br>Fax: (973) 533-1112<br>Counsel for DGN Pharmacy, Inc. d/b/a PersonalRX<br>**DANIEL M. STOLZ, ESQ.** |

| In re: | Chapter 7 |
|---|---|
| **HEALTH TECH HARBOR, INC.**, | Case No. 20-19017 (RG) |
| Debtor. | |

**CERTIFICATION OF DANIEL M. STOLZ IN RESPONSE TO SUPPLEMENTAL OBJECTION TO MOTION AND ORDER APPROVING SETTLEMENT**

Daniel M. Stolz, being of full age, and having been duly sworn according to law, hereby certifies and says:

1. I am a partner in the firm of Genova Burns LLC, and Chair of its Bankruptcy Department.

2. I am an attorney admitted to practice before the State and Federal Courts of the State of New Jersey, the Third Circuit Court of Appeals, and the United States Supreme Court.

3. I have represented DGN Pharmacy, Inc. d/b/a PersonalRX ("PRX") and Lawrence H. Margolis ("Margolis") since the filing of an Involuntary Chapter 7 Petition against the Debtor approximately **two years ago**.

4. Dr. Ramachandra Malya was the lead petitioning creditor and has been clearly the driving force on behalf of the creditors since this case began two years ago.

#16577950v1 (24624.001)

5. Current counsel for Dr. Malya is at least the fifth different attorney who has represented Dr. Malya with regard to his claims against the Debtor.

6. In late 2020, while Dr. Malya was represented by the firm of McCarter & English, we engaged in negotiations with Mr. Malya. Throughout those negotiations, Mr. Malya rejected any offer to convert his claim to equity in PRX, explaining that Dr. Malya viewed PRX as worthless.

7. As the Court is aware, after Dr. Malya discharged McCarter & English as his counsel and retained Cullen & Dykman, Dr. Malya retained Citrin Cooperman for the purpose of conducting a full forensic audit of PRX.

8. Over a period of approximately five months, PRX produced voluminous documentation to Citrin Cooperman, so that all aspects of the ongoing business of PRX could be reviewed by Dr. Malya's accountants.

9. After reviewing all aspects of the business of PRX with his accountants, Dr. Malya continued to assert that the business of PRX was worthless, and continued to reject any proposal to convert their debt into equity in PRX.

10. An example of the position of Dr. Malya is reflected in the correspondence from his counsel, attached hereto as Exhibit "A". In the letter on behalf of Dr. Malya and his investors, his counsel states:

> "As to the proposal, please be advised that it is rejected by the creditors who we represent, since they have no interest in becoming shareholders in PRX. They are willing to entertain a proposal for a "discounted cash settlement" as discussed in the penultimate paragraph of your letter if you choose to make such a proposal, but will not trade the debt owed to them for meaningless stock in a company run by someone they have no trust in."

11. Having been unable to negotiate a settlement with Dr. Malya, the Debtor consented to the entry of an Order for relief under Chapter 7.

12. Thereafter, Trustee Stanziale was appointed and retained both experienced counsel and accountants.

13. Again, PRX provided voluminous financial information to the Trustee's accountants and engaged in numerous communications with regard to all aspects of the business of PRX.

14. The Trustee again made it clear to PRX that the bankruptcy estate would not accept ownership in PRX in exchange for the indebtedness due to HTH, as PRX had suffered significant operating losses continuously since its founding and the Trustee's accountants viewed any future value of PRX to be entirely speculative.

15. Based upon the Trustee's insistence on a cash settlement, PRX went out to the market to try and find an investor to fund a settlement with the Trustee.

16. As PRX <u>has no present value</u> and any future value is dependent upon huge capital investments and the hope that the business volume of PRX will ultimately reach the level necessary to produce profits, PRX was extraordinarily fortunate that Genesis stepped forward with the willingness to not only fund ongoing operations, but also to fund a settlement with the Trustee.

17. The negotiations with the Trustee were arms' length and vigorous. Ultimately, with the consent of Genesis, an agreement was reached with the Trustee. It was made clear to the Trustee from the outset that if the settlement could not be approved and consummated expeditiously, Genesis would likely walk from the deal.

18. A Notice of Proposed Settlement was filed and served on May 10, 2022 [docket #132]. Presumably, since Dr. Malya was represented by counsel at that time, he received notice of the settlement on or about May 10.

19. Despite the fact that the settlement could have been heard by the Court on or about May 31, 2022, PRX and Genesis agreed to a hearing date of June 21, 2022, to afford all parties an opportunity to review the settlement prior to the hearing date.

20. It is important to note that although a large number of parties joined in the Involuntary Petition, only Dr. Malya stands as the single creditor who has objected to the proposed settlement.

21. On June 14, 2022 [docket #139], new counsel for Dr. Malya filed an objection to the settlement.

22. At paragraph 10 of the Malya objection, it is stated "the creditor is struggling to digest why Genesis PRX Partners, LLC ("Genesis") would invest $10 million in PRX".

23. The thrust of the Malya objection related to perceived claims by the bankruptcy estate against Mr. Margolis and the collectability thereof.

24. On June 21, 2022, this Court conducted a hearing with regard to the Trustee's motion for approval of the settlement. During the course of that hearing, counsel for Dr. Malya acknowledged that the economic terms of the settlement were prudent and reasonable and confined his objection only to whether any claims by the bankruptcy estate against Mr. Margolis would be collectable.

25. Based upon that narrow grounds for objection, this Court allowed counsel for Dr. Malya to take the deposition of Mr. Margolis with regard to his personal assets and as to whether he had transferred any assets within five years of the date of said hearing.

26. On Friday, June 24, 2022, counsel for Dr. Malya took Mr. Margolis' deposition by zoom. Extensive questions were asked with regard to Mr. Margolis' assets and as to whether any

#16577950v1 (24624.001)

transfers of assets had been made within five years of the bankruptcy filing. Mr. Margolis testified that no assets had been so transferred.

27. Apparently, striking out in his effort to assert that any claims against Mr. Margolis would be collectable, Dr. Malya has now abandoned that argument and asserts a new rather absurd objection [see docket #146], that any claims would be collectable against Mr. Margolis, as his ownership interest in PRX must have value since Genesis was willing to invest in PRX.

28. It should be noted that the standard to be applied in evaluating the settlement is whether the Trustee has exercised reasonable business judgment. The Trustee's accountants have reached the same conclusion that Dr. Malya's accountants reached, which is that PRX has no present value. Thus, the Trustee's recovery of $1.8 million for the bankruptcy estate cannot be viewed as anything other than eminently reasonable business judgment.

29. During Mr. Margolis' deposition and the prior hearings before this Court, counsel has advised that Dr. Malya is "upset". Respectfully, this is not a legal or factual basis to deny approval of the settlement.

30. PRX has suffered operating losses since its inception and will likely continue to suffer operating losses for at least a year. Genesis is investing in PRX with the hope that at some point in the future, PRX is able to develop its business to the point where it is able to produce profits. There is no certainty that this will occur.

31. Finally, it should be noted that, as the Trustee has informed the Court, PRX has been able to demonstrate that all funds received from the Debtor were used for valid business purposes. With regard to funds received by Mr. Margolis, those funds were reasonable in amount and were in lieu of salary for a period of over four years. Thus, were the bankruptcy estate to

commence suit against Mr. Margolis, such suit would be vigorously defended and we believe no claims would be sustained by any court.

32. Based upon the foregoing, it is respectfully submitted that the Court should overrule the Malya objection and approve the settlement.

33. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                          */s/ Daniel M. Stolz*     .
                                          DANIEL M. STOLZ

Dated: June 27, 2022

#16577950v1 (24624.001)