**EXHIBIT "A"**



Cullen and Dykman LLP
Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
T: 516.357.3700
F: 516.357.3792

**Bonnie L. Pollack**
*PARTNER*
*Direct: 516-296-9143*
*E-mail bpollack@cullenllp.com*

April 15, 2021

**Via Email**
Daniel M. Stolz, Esq.
Genova Burns LLC
110 Allen Road, Suite 304
Basking Ridge, NJ  07920

Re:   In re Health Tech Harbor, Inc.
      Chapter 7 Case No. 20-19017 (RG)

Dear Dan:

    We have reviewed your letter of April 9 and the proposal included therewith with our client. First, I am unclear as to who represents whom in this case. Although your letter contained a rejection of the BenAdvance term sheet and discussed HTH's various perceived issues regarding same, it is my understanding that your firm does not represent HTH, but represents PRX. It is therefore unclear as to whether your letter and proposal were discussed with and/or approved by HTH, or with what authority it was sent.

    Further, as you are aware, we do not represent BenAdvance, but have advised them that HTH (again, to the best of my knowledge) has rejected the term sheet that was sent. I have also advised them of your threat, on behalf of HTH, without apparent authority, to sue them for recoveries of their note to HTH (presumably simply because they had the temerity to try to resolve issues with the investors). As to this, I assume that HTH will also be suing PRX for recoveries under that note, the modification of which raises extensive breaches of fiduciary obligations and self-dealing. All of the foregoing demonstrate the many conflicts of interest as between HTH, PRX, Mr. Margulis and your firm, and also calls into question whether an interim trustee should be appointed in the HTH case.

    As to the proposal, please be advised that it is rejected by the creditors who we represent, since they have no interest in becoming shareholders in PRX. They are willing to entertain a proposal for a "discounted cash settlement" as discussed in the penultimate paragraph of your

**Cullen | Dykman**

Daniel Stolz, Esq.
April 15, 2021
Page 2

letter if you choose to make such a proposal, but will not trade the debt owed to them for meaningless stock in a company run by a someone they have no trust in.

    Please let me know if HTH is willing to discuss a cash resolution with our clients. In the meantime, our clients will pursue whatever rights and remedies they deem appropriate with respect to the above, the BenAdvance term sheet and the failure of HTH and PRX to comply with the obligations to cooperate in our forensic accountants' review and analysis of books and records.

    Please be guided accordingly.

Very truly yours,

Bonnie L. Pollack

cc: Greg Kinoin, Esq. (via email)
    Mo Bauer, Esq. (via email)

2007524

2